State vs. Terrebonne and Boulet.

## No. 11,162.

THE STATE OF LOUISIANA VS. RUDOLPH TERREBONNE AND PETER A. BOULET.

1. Sec. 1047 of Revised Statutes applies only to amendments of indictments, which, being found by a grand jury, would not be amendable by the court in absence of special statutory authority.

2. Such statutes are not necessary to authorize amendments to informations, because the officer prosecuting them is always present in court and competent to make amendments with leave of the court to any extent consistent with public interest and private rights.

3. Crimes not capital can only be prosecuted by information, "with the consent of the court first obtained;" and amendments thereto are peculiarly within the discretion of the court, especially as to the denial thereof.

4. Appeals by the State from such rulings are vain and profitless, because the prosecuting officer may instantly frame a new information and secure greater expedition of trial without undergoing the delay of appeal. We shall not encourage such practice by interfering with the discretion of the court at the instance of the State.

APPEAL from the Twenty-first District Court, Parish of Jefferson. *Rost, J.*

*M. J. Cunningham*, Attorney General, and *M. J. Cunningham, Jr.*, for the State, Appellant.

*G. V. Soniat* for Defendants and Appellees.

The opinion of the court was delivered by

FENNER, J. The State appeals from a judgment of the court below quashing the information on the ground of misnomer and

denying an application made by the district attorney to amend the information.

The prosecution was against Rudolph Terrebonne for embezzlement and against P. A. Boulet for aiding and abetting him therein. After setting forth that said *Rudolph* Terrebonne was in possession of the goods charged to be embezzled, the information proceeds to charge that " *Theodule* Terrebonne did, feloniously and wrongfully, use, dispose of, conceal and otherwise embezzle same."

Obviously, Rudolph is not charged with any crime on the face of the information, and the charge against Boulet of aiding and abetting him was, therefore, equally nugatory.

The error was doubtless clerical and would have been amendable with leave of court; but we think the granting of such leave to amend was a matter entirely within the sound discretion of the court.

Counsel on both sides are mistaken in supposing that the case is governed by Sec. 1047 of Revised Statutes, which applies only to amendments of indictments, which, being found by a grand jury, are not amendable at common law, except on process issued to the grand jury to come in for that purpose. 1 Bishop Cr. Proc., Sec. 710.

Various statutes of Jeofails and amendments have been passed in England and in this country conferring upon courts the power of amending indictments within certain limitations, of which Sec. 1047 of our Revised Statutes is an example.

But such statutes are not necessary to authorize the amendment of informations. As Mr. Bishop says, " an information is quite unlike an indictment as to amendments. The officer prosecuting it being always in court, it may on his application be always amended to any extent consistent with the orderly conduct of judicial business, with the public interests and with private rights," but he adds, " the application may, indeed, be denied." 1 Bish. Cr. Proc., Sec. 714.

The court's discretion in regard to such amendments is much larger than in the case of amendments to indictments; and we are less disposed to interfere with it, in whichever way it is exercised. Informations are peculiarly under the control of the court as to such matters. Sec. 977 provides: " Prosecutions for offences not capital may be by information, *with the consent of the court first obtained.*"

Appeals by the State from rulings denying such amendments are profitless; because the officer is present and may instantly frame a

new information and expedite a trial under it more rapidly than by undergoing the delay of a useless appeal.

We are not disposed to encourage such a practice or to interfere at the instance of the State with the discretion exercised by the court in such a matter.

Judgment affirmed.