PROVOSTY, J.
The accused was found guilty and sentenced on a bill of information reading that he did—
“with force and arms * * * willfully and maliciously go into a coach of the N. O. Lower Coast Railroad train, which said coach was assigned by said railroad for white passengers, and did then and there occupy a seat in said coach among the white passengers riding on said train, contrary to the form of the statute of the state of Louisiana in such case made and provided, and against the dignity and peace of the same.”
*677 The statute in question is Act 111 of 1S90, which, requires railroads to provide separate accommodations for the white and colored races, and which, in its section 2, says that—
“Any passenger insisting upon going into a coach or compartment to which by race he does not belong, shall be liable,” etc.
[1, 2] The bill of information not alleging that accused was a passenger, nor that he is of the colored race, nor that he insisted upon going into the coach assigned to the whites, accused moved to quash, on the ground that it charged no crime.
The district attorney moved to amend by inserting the words “a colored man” after the name of accused, and the court properly allowed this amendment to be made; since informations, unlike indictments, may be amended in matters of substance. State v. Terrebonne, 45 La. Ann. 25, 12 South. 315. But, after the amendment had been made, the information was still fatally defective, in that it did not charge in the words of the statute, or in equivalent terms, that the accused was a passenger on the occasion in question, nor that he insisted upon going into the coach in question; and hence did not charge a violation of said statute.
The case is here on certiorari.
It is ordered, adjudged, and decreed that the judgment herein be set aside; that the information herein be and is hereby quashed ; and that the accused be released without day.