## STATE OF MARYLAND *vs.* JOHN BARRETT.

*Indictment for Larceny—Amendment—Name of Owner of
Property—Unincorporated Association.*

Since Code, art. 27, sec. 494, authorizes an amendment of an
indictment, as regards the name of one other than the defend-
ant, to conform with the proof, only after the jury is sworn,
an application by the State, made before the swearing of the
jury, for leave to amend an indictment for larceny as regards
the owner's name, was properly refused.          pp. 155, 156

By analogy to Code 1924, art. 23, sec. 104, providing that
any unincorporated company, association or organization, con-
sisting of seven or more persons and having a recognized group
name, may sue or be sued by such name, the owner of stolen
property may, in an indictment for the larceny, be described by
such a description.                                p. 156

An indictment for larceny which charges neither that the
association, from which the goods are alleged to have been
stolen, was incorporated, nor that it was an unincorporated
association as described in Code 1924, art. 23, sec. 104, and does
not name any of the members, is bad.               p. 157

*Decided April 15th, 1925.*

· Appeal from the Circuit Court for Kent County (WICKES and KEATING, JJ.).

Criminal proceeding against John Barrett. From an order quashing the indictment, the State appeals. Affirmed.

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and WALSH, JJ.

*Thomas H. Robinson, Attorney General, Willis R. Jones, Assistant Attorney General,* and *S. Scott Beck, State's Attorney for Kent County,* submitting on brief, for the State.

*John W. Barroll,* for the appellee.

ADKINS, J., delivered the opinion of the Court.

John Barrett, the appellee, was indicted for larceny. The indictment was as follows:

"State of Maryland, Kent County, to wit:

"The jurors of the State of Maryland, for the body of Kent County, do on their oaths present that **John Barrett**, late of said county, on the 23rd day of May, in the year of our Lord one thousand nine hundred and twenty-four, with force and arms, at the county aforesaid, one victrola of the value of twenty-five ($25.00) dollars of the goods and chattels of The Parents and Teachers Association of the Broad Neck School then and there being found, did then and there feloniously steal, take and carry away contrary to the form of the act of assembly in such case made and provided, and against the peace, government, and dignity of the State."

· Traverser was arraigned, plead not guilty and elected to be tried by a jury. After the jury was selected and sworn, traverser asked leave, and was permitted, to withdraw his plea and to demur to the indictment. The demurrer was overruled. Whereupon the State asked leave to amend indictment by striking out the name of The Parents and

Teachers Association of the Broad Neck School and inserting the name of Mrs. Ruthwin Strong, which motion was refused. Plea of not guilty was again entered, the jury accepted by agreement and re-sworn.

At the close of the State's testimony traverser moved to quash the indictment, the motion being as follows:

> "The defendant moves that the indictment be quashed, because:
>
> "1. The indictment is not sufficient in law in that the proof shows that the Parents and Teachers Association of Broad Neck School is not a corporation.
>
> "2. The indictment does not sufficiently describe the article stolen."

The motion was granted, and a juror withdrawn. From the order granting that motion, this appeal was taken.

Section 494 of article 27 of the Code of Public General Laws of Maryland provides:

> "Whenever it shall appear after a jury is sworn on any indictment, in any of the courts of this State having criminal jurisdiction, that the name or names of any person or persons other than the defendant and defendants has or have been erroneously set forth in said indictment, it shall be lawful for the state's attorney, or other person prosecuting for the State, on application to the court, to amend the said indictment according to the proof in said cause; and it shall be the duty of the court in which such trial shall be had to proceed with the trial of the said indictment so amended, unless oath shall be made by the party or parties so charged that the said amendment or amendments has or have disclosed a fact or facts to him heretofore unknown, or that the immediate proceeding with the trial of the said indictment would tend to his prejudice; and in such case it shall be the duty of the court to discharge the jury sworn in said case without a verdict, and to postpone the trial thereof for such reasonable time as the court shall determine, or in case the said indictment is submitted to the court without the intervention of a jury, it shall be lawful

for such amendment to be made as aforesaid, and also to postpone the hearing of the said case for such time as it shall determine to be necessary."

In *Watts v. State,* 99 Md. 30, the indictment charged the murder of Caroline Watts. After the adjournment of the grand jury, the State's Attorney, with the leave of court, amended the indictment by striking out the name "Caroline" and inserting in its place the name, "Katherine C." The amendment did not appear upon the face of the indictment, and a demurrer was therefore properly overruled. This Court held that a motion to quash the indictment should have been granted, because the amendment was made before the jury was sworn. "Such amendment is made according to the proof in the cause; but this is authorized only after a jury has been sworn on the indictment." In the present case the motion for leave to amend the indictment was made before the jury was sworn, and was, therefore, properly overruled.

It remains to consider whether the original indictment was good. The whole argument of the State here was that the court erred in refusing to grant the motion to amend. The State made no defense of the indictment as it stood.

In 36 *C. J.,* page 837, sec. 331, it is said: "A voluntary association of individuals, not organized under any statute, is merely a co-partnership, and in respect to the allegations of ownership of property stolen from it, is subject to the same rules. Hence, the ownership must be laid in the individuals comprising the association, unless the statutes permit it to be laid in the association by its common name, or in one or more of its trustees or officers, or in one or more members."

In this State it is provided by article 23, section 104, of Bagby's Code of 1924, that any unincorporated company, association or organization, consisting of seven or more persons and having a recognized group name, may sue or be sued by such name. By analogy, we think, if the owner of stolen property were described in an indictment in accordance with

the description in this statute it would be sufficient. See also article 27, section 552 of Bagby's Code of 1924.

Our conclusion is that the indictment was bad, and that there was no error in the order appealed from. According to the apparent weight of authority, the demurrer to the indictment should have been sustained because it charged neither that the association from which these goods were alleged to have been stolen was incorporated, nor that it was an unincorporated association as described in the statute above referred to; nor were any of the members named. 36 *C. J.*, page 830, sec. 315.

*Judgment affirmed.*