COMMONWEALTH *vs.* SAMUEL AZER.

Suffolk.    November 4, 1940. — January 27, 1941.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Practice, Criminal,* Former jeopardy.

Prosecution of a complaint for unlawfully selling intoxicating liquors to a stated person was not barred by an acquittal on the ground of variance on an earlier complaint charging the same sale as having been made to a person of a different name, where at the trial of the earlier complaint it had appeared that the sale was to the person named in the second complaint, but not that he was also known by the name stated in the earlier complaint.

In applying G. L. (Ter. Ed.) c. 263, § 8A, the same test of identity of offences should be adopted that has been established by the law as to double jeopardy.

COMPLAINT, received and sworn to in the District Court of Chelsea on February 13, 1940.

On appeal to the Superior Court, the case was tried before *Hobson*, J.

*J. J. Moss*, for the defendant.

*W. J. Foley*, District Attorney, & *R. S. Bernard*, Assistant District Attorney, for the Commonwealth, submitted a brief.

LUMMUS, J. This is a complaint dated February 13, 1940, brought in the District Court of Chelsea and taken by appeal to the Superior Court. It charges the defendant with unlawfully selling certain alcoholic beverages to one Wilfred Williams. The defendant filed a plea of *autrefois acquit*, setting up an alleged former jeopardy in that he had previously been acquitted by a jury of the same offence. 2 Bishop, New Crim. Proc. (2d ed. 1913) §§ 805–831. G. L. (Ter. Ed.) c. 277, § 75. *Commonwealth* v. *DiStasio*, 297 Mass. 347, 354–356. The jury were permitted to find that there was no such prior acquittal or former jeopardy. After a verdict of guilty, the defendant brings the case here on exceptions.

The facts as to former jeopardy are not disputed. On December 31, 1939, police officers entered the defendant's drug store and seized liquor from a man who then and there gave his name as Harry Jones. They contended that he had just bought it from the defendant. A complaint was brought in the District Court of Chelsea, charging the defendant with unlawfully selling certain alcoholic beverages to one Harry Jones. On appeal to the Superior Court, it appeared that the true name of the alleged purchaser was Wilfred Williams, and there was no evidence that he was known as Harry Jones. For this reason a verdict of not guilty was directed on February 9, 1940.

The present complaint is based on the same alleged sale. The acquittal upon the earlier complaint was the result of a variance, a failure to prove that the purchaser was

"one Harry Jones" as alleged. The Commonwealth failed to prove a sale to Harry Jones merely by proving a sale to Wilfred Williams. True, if the Commonwealth had proved that Wilfred Williams was known as Harry Jones, the latter name would have been a second name for Wilfred Williams, and a sale to Williams could properly be described in the complaint as a sale to Jones. *Commonwealth* v. *Shearman*, 11 Cush. 546. *Commonwealth* v. *Trainor*, 123 Mass. 414. *Commonwealth* v. *O'Hearn*, 132 Mass. 553. *Commonwealth* v. *Gould*, 158 Mass. 499, 507. See also *Young* v. *Jewell*, 201 Mass. 385, 386, correcting a verbal inaccuracy in earlier cases, and *Bridges* v. *Hart*, 302 Mass. 239. But in the absence of such proof, evidence of a sale to Williams would not warrant conviction for an alleged sale to Jones, unless the misnomer was "immaterial." G. L. (Ter. Ed.) c. 277, § 35. *Commonwealth* v. *Snow*, 269 Mass. 598, 600, 601. The statute cited did not cure the variance, for without proof that the man was known by both names, the offence proved was wholly different from that charged, and the variance was not "immaterial." *Commonwealth* v. *Mehan*, 11 Gray, 321, 322. *Commonwealth* v. *Buckley*, 145 Mass. 181.

Whether there was double jeopardy depends upon our common law and statutes. Our Constitution contains nothing about it, and the Fifth Amendment to the Constitution of the United States has no application to proceedings in State courts. *Spies* v. *Illinois*, 123 U. S. 131, 166. *Phillips* v. *McCauley*, 92 Fed. (2d) 790. *Commonwealth* v. *DiStasio*, 297 Mass. 347, 353. Compare *Grosjean* v. *American Press Co. Inc.* 297 U. S. 233, 242, *et seq.*

The material provisions of our statutes follow. "A person shall not be held to answer on a second indictment or complaint for a crime of which he has been acquitted upon the facts and merits . . . ." G. L. (Ter. Ed.) c. 263, § 7. "If a person has been acquitted by reason of a variance between the indictment or complaint and the proof . . . he may be again arraigned, tried and convicted for the same crime on a new indictment or complaint, notwithstanding such former acquittal." § 8. *Commonwealth*

v. *Cabot,* 241 Mass. 131, 152–154. *Commonwealth* v. *Campopiano,* 254 Mass. 560, 562.

The test, approved in many cases, by which to determine whether the two indictments or complaints are for the same offence, so as to create a double jeopardy, is this: If on the earlier indictment or complaint the defendant might have been convicted by proof of the facts charged in the later one, an acquittal upon the earlier one will bar the later one; otherwise it will not. *Commonwealth* v. *Roby,* 12 Pick. 496. *Morey* v. *Commonwealth,* 108 Mass. 433. *Commonwealth* v. *Jones,* 288 Mass. 150, 152. *Commonwealth* v. *DiStasio,* 297 Mass. 347, 356. *Burton* v. *United States,* 202 U. S. 344, 378–381. *Morgan* v. *Devine,* 237 U. S. 632, 641. *Blockburger* v. *United States,* 284 U. S. 299, 304. Applying this test, it is plain that the defendant could not have been convicted upon the earlier complaint merely by proof of the facts charged in the later one. Proof would have been needed of the further fact that Jones and Williams were different names by which the same man was known. The plea of *autrefois acquit* cannot be sustained. The requests for rulings require no further discussion.

The defendant contends that the present complaint cannot be prosecuted in view of St. 1922, c. 432, now G. L. (Ter. Ed.) c. 263, § 8A, which provides that "A person shall not be held to answer in a district court or before a trial justice to a second complaint for an offense for which he has already been tried upon the merits in said court or before such justice." The defendant, by consenting to an acquittal on the earlier complaint on the ground of variance, may have lost any right under the statute that otherwise he might have had. *Commonwealth* v. *Micheli,* 258 Mass. 89, 92. But we prefer to rest our decision upon a broader ground.

The statute is limited to a case of two complaints for the same offence in the same court of a certain class, and applies whether the ultimate disposition of the earlier complaint, perhaps on appeal, resulted in jeopardy or not. It does not illustrate or apply any principle of the law

against double jeopardy, but creates an anomalous additional rule. The statute is not jurisdictional, as the defendant contends, any more than are the statutes against double jeopardy. The statute follows the style of the statutes already cited, as to double jeopardy. It is reasonable to apply to it the same test of identity of offences that has been established in the law of double jeopardy. Under that test the offences charged in the successive complaints were different, and the statute under discussion was not violated.

*Exceptions overruled.*