COMMONWEALTH *vs.* NATHAN L. PRINCE
(and five companion cases against the same defendant).

Suffolk.     May 8, 1951. — May 31, 1951.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & WILLIAMS, JJ.

*Public Amusement. License.*

One who operated at his premises a game in which persons sat at tables and those desiring to play handed an attendant ten cents in order to participate in the game, was maintaining a public amusement for which a license was required under the provision of G. L. (Ter. Ed.) c. 140, § 181, pertaining to licenses for "public amusements . . . to which admission is obtained upon payment of money," although the persons seated at the tables were not obliged to play and no one was required to pay a fee on entering the premises.

SIX COMPLAINTS, received and sworn to in the District Court of Chelsea on November 15, 1950.

On appeal to the Superior Court, the cases were heard by *Gilmore*, J., a District Court judge sitting under statutory authority.

*A. Margolis*, for the defendant.

*G. Miraldi*, Assistant District Attorney, for the Commonwealth.

SPALDING, J. The defendant was found guilty in the Superior Court by a judge sitting without a jury on six complaints which charged him with operating a public amusement without a license in violation of G. L. (Ter. Ed.) c. 140, § 181. Fines totaling $975 were imposed. The cases come here on a report (G. L. [Ter. Ed.] c. 278, § 30) in which it is stated that "If, as a matter of law, the court should have found the defendant not guilty, then such finding[s] of guilty . . . [are] to be set aside and . . . finding[s] of not guilty ordered; otherwise, the finding[s] of guilty . . . [are] to stand."

The cases were submitted upon a statement of agreed facts, substantially as follows: At his premises, which are located in the amusement area of Revere Beach, the defendant operates a game known as Lite-A-Line. In the premises there are two rows of "tables or machines," each of which is approximately twenty-three inches by twenty-eight and one half inches. There is a seat in front of each table. The table has a flat top and at the end away from the player are twenty-five holes arranged in five rows of five each. The game is conducted and supervised by an announcer. Upon the announcement that the game has begun each player seated at a table projects a ball along the table top surface toward the area of the twenty-five holes. The ball enters one of the holes and a light corresponding to that particular hole appears on a blackboard on the player's table. The ball then returns to the player, who repeats this process. "The object of the game is to get five in any straight line before any other player does so. The first person who succeeds in doing this is declared the winner

and obtains a prize. While the game is in operation a counterman walks beside the rows of tables, and each person sitting at a table and playing hands him ten cents for participation in the game." The tables have no coin slots and no money is deposited in any coin controlled apparatus. Persons seated at the tables are not obliged to play. One is not required to pay a fee on entering the premises. The defendant was conducting the game described above on the dates mentioned in the complaints and was not licensed under G. L. (Ter. Ed.) c. 140, § 181, to operate a public amusement.

It is provided by G. L. (Ter. Ed.) c. 140, § 181, that "The mayor or selectmen may . . . grant, upon such terms and conditions as they deem reasonable, a license for theatrical exhibitions, public shows, public amusements and exhibitions of every description . . . to which admission is obtained upon payment of money or upon the delivery of any valuable thing, or by a ticket or voucher obtained for money or any valuable thing, or in which, after free admission, amusement is furnished upon a deposit of money in a coin controlled apparatus . . . ." Under § 182 "Whoever . . . maintains . . . any such exhibition, show or amusement without such license" shall be subject to a fine.

There are two parts to § 181. The first part, among other things, has to do with the granting of licenses for "public amusements" for which admission is charged; the second part concerns licenses where, "after free admission, amusement is furnished upon a deposit of money in a coin controlled apparatus." The defendant argues that in conducting the game described above he was within neither portion of the statute. With respect to the second part of the statute that contention is correct; but it cannot be sustained as to the first part.

In *Jaffarian* v. *Building Commissioner of Somerville,* 275 Mass. 267, one of the questions decided was whether a miniature golf course was a place of amusement within the purview of § 181.[1] Admission to the course was free, and

---

[1] The wording of the statute was the same then as it is now.

a green fee after admission was charged to those wishing to practise or to receive instruction, but those admitted to the course were not obliged to use it and pay the green fee. Instruction in golf was included in the green fee, and the course was operated so that those using it could practise or perfect their skill in golf strokes and receive exercise and entertainment therefrom. The statute was construed as including the amusement in question. The court said at page 270, "The conduct of the game is public. The action of the players is open to general observation. The plan of the petitioners is a manifest effort to attract people to the game in order to make financial profit to themselves. For participation in the game payment of money is required. It is as much within the purview of the statute as if an admission fee were charged for the observers as well as for the players. It is a plain attempt to make money out of the amusement. Supervision by public officials of the numbers of people likely to gather is or may be as necessary as it is in the conventional and long established kinds of amusement." We are of opinion that the interpretation of the statute in that case is controlling here and that the defendant was maintaining a public amusement for which a license was required under G. L. (Ter. Ed.) c. 140, § 181.

*Judgments affirmed.*