HUTSON ET AL. *v.* STATE
[No. 131, October Term, 1952.]

*Decided May 13, 1953.*

The cause was argued before SOBELOFF, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Marshall A. Levin*, with whom were *Harry O. Levin* and *C. Maurice Weidemeyer*, on the brief, for appellants.

*Ambrose T. Hartman*, Assistant Attorney General, with whom were *Edward D. E. Rollins*, Attorney General and *C. Osborne Duvall*, State's Attorney of Anne Arundel County, on the brief, for appellee.

HENDERSON, J., delivered the opinion of the Court.

The appellants were jointly indicted for the crimes of abortion and conspiracy to perform an abortion, and elected a jury trial. Ruth Hutson was found guilty of both offenses, the other appellants were found guilty of conspiracy. The appeals are from the judgments and sentences.

The principal points urged on appeal are that the court erred in sustaining the State's exceptions to certain demands for particulars filed by the appellants, and in permitting the State, over objection, to amend the indictment at the trial, before the jury was sworn, to alter and correct the name of the prosecuting witness, upon whom the abortion was alleged to have been performed, from Jennie Lee Young to Jennie Lee Giorgio.

Upon demand for particulars, the court required the State to answer as to the type of instrument used, the medicines administered, the place where the crime was committed, the persons present, and the manner in which the conspiracy was formed. The court declined to require the State to answer questions as to when and by

whom the prosecuting witness became pregnant; when and to whom she was married, if married; whether she had been previously married and to whom; whether she had children by her present or previous marriages, naming them; whether she and Ishmael Young were employed, and by whom. The Court also declined to require the State to supply particulars as to this inquiry: "If the State intends to adduce testimony that Jennie Lee Young is the legal wife of Ishmael Young, state when and where they were married and by whom; also state how long they have resided in Maryland and where they resided prior to their present residence."

It is well settled that in a criminal prosecution a motion for a bill of particulars is addressed to the sound discretion of the court, and the court's action thereon is not the subject of an appeal unless there is some gross abuse of discretion resulting in injury to the accused. *Shelton v. State,* 198 Md. 405, 411, 84 A. 2d 76, 79; *Leon v. State,* 180 Md. 279, 285, 23 A. 2d 706. We find no such abuse here. The inquiries refused were not directly related to the crime charged, if relevant at all. It is clear that the appellants knew that the prosecuting witness, who used the name of Young, was living with Ishmael Young at an address known to them. The State's case was not dependent on proof that she was his legal wife, nor would a failure to prove it afford any defense to the charge. At most, the fact that she was not married to him might reflect upon her character, and, to the extent that she misrepresented the fact in her previous statements, reflect upon her credibility. We cannot accept the argument that the accused were injured by the State's failure to investigate and disclose the fact in advance of the trial. The prosecuting witness testified at the trial that she had been married to Giorgio in 1945, had three children, and was divorced from him in 1949. She was living with Young, whose name she used, at the time of the abortion in July 1952, and had lived with him since August 1951. He was separated from his wife but not divorced. She did

not disclose to the State officials that she was not married to Young until the day before the trial.

The appellants contend that the court erred in allowing the amendment to the indictment on the ground that at common law the name of a person in an indictment is a matter of substance which cannot be changed without the consent of the grand jury. "Neither the State's Attorney, nor the Court, nor both together, can supply the necessary authority, which can only come from the grand jury, in the absence of some statutory provision." *Watts v. The State,* 99 Md. 30, 33, 57 A. 542, 544. In the case cited, as in the later case of *State v. Barrett,* 148 Md. 153, 128 A. 744, it was held that the statute, now codified as Section 689, Article 27, Code of 1951, authorizing the correction of names of persons other than the defendant erroneously set forth in an indictment, by the State's Attorney on application to the Court, applies only to cases where the error appears and the amendment is sought "after a jury is sworn." Section 688, Article 27, Code of 1951, applies only to the names of defendants. *Watts v. The State, supra.*

The Attorney General points out that in the *Watts* case the conviction was sustained under another count and that in the *Barrett* case the precise holding was that the court properly disallowed the amendment and that the original indictment was bad on demurrer. He does not question, however, the statement of the rule at common law, nor does he rely upon the sections cited as changing the rule. He contends that the case is controlled by Section 692, Article 27, Code of 1951, which provides that no indictment shall be quashed or judgment upon any indictment reversed "by reason of any mere defect or imperfection in matters of form which shall not tend to the prejudice of the defendant, * * *."

In the recent case of *State v. Wheatley,* 192 Md. 44, 49, 51, 63 A. 2d 644, 647, we declined to apply this section to a case where the State sought to amend an indictment so as to charge a defendant with violation of his official duties as an examiner, instead of a referee

as set out in the indictment, on the ground that this was a matter of substance. It was held that the indictments failed to "describe how defendant as a referee had the authority to make any determination upon the claims alleged." Thus the amendment charged an offense not charged in the original indictment. But the principle was relied on in the earlier cases of *Hawthorn v. State,* 56 Md. 530, 536, and *Hammond v. State,* 14 Md. 135, where it was held that amendments which eliminated or supplied unnecessary matter could be disregarded. See also *United States v. Fawcett,* 3 Cir., 115 F. 2d 764, 132 A. L. R. 404.

In the instant case we think the amendment was unnecessary and the court's action in allowing it was not reversible error. The person calling herself Jennie Lee Young at the time of the abortion and for about a year before that time, was the identical person who testified to the abortion. The fact that she had previously been known as Jennie Lee Giorgio would not render her testimony inadmissible. *Cf. Bird v. United States,* 187 U. S. 118, 125, 23 S. Ct. 42, 47 L. Ed. 100. Nor would it constitute a fatal variance. "The rule is that the name of the person injured by the offense charged must be stated, and a failure to state it, or a material variance between the statement and the proof, is fatal. However, the object and purpose of describing a person by his name is to identify him sufficiently so that the defendant may be appraised of the person whom the charge of crime concerns. Hence, the general rule is that an indictment will not be held bad which gives a popular name as distinguished from a true name; it will be enough to sustain the averment of a particular name that the party was usually or popularly known by such name." 2 *Wharton, Criminal Evidence* (11th Ed.) Sec. 1048, p. 1845.

In *Bennett v. United States,* 227 U. S. 333, 338, 33 S. Ct. 288, 57 L. Ed. 531, the court said: "Defendant was indicted for having caused the transportation of Opal Clarke, and, it is said, the testimony showed that

her correct name was Jeanette but that she had gone by the names of Opal and Nellie, her real name, however, being Jeanette Laplante. A variance is hence asserted between the allegation and the proof. The Court of Appeals rightly disposed of the contention. As the court said, the essential thing in the requirement of correspondence between the allegation of the name of the woman transported and the proof is that the record be in such shape as to inform the defendant of the charge against her and to protect her against another prosecution for the same offense. The record is sufficient for both purposes." See also *Burke v. United States,* 9 Cir., 58 F. 2d 739; *Pyke v. State,* 47 Fla. 93, 36 So. 577; *People v. Dustin,* 358 Ill. 68, 52 N. E. 2d 224; *Vaughn v. State,* 236 Ala. 442, 183 So. 428. *Cf. Commonwealth v. Azer,* 308 Mass. 153, 31 N. E. 2d 549.

There is nothing to indicate that the defendants were misled or prejudiced in their defense by the unnecessary amendment or the testimony of the witness as to her true name. They did not ask for a continuance on the ground of surprise, nor do we intimate that such a request should have been granted under the circumstances. The argument that they did not know her as Young is beside the point. Her testimony that she was known by that name was corroborated by Ishmael Young, and by another witness, a tenant in the building where she lived, and was uncontradicted. The defense was that they had never seen the person Young, or Giorgio, at any time before the trial. There was legally sufficient evidence to the contrary and the issue was for the jury.

The appellant Thomas J. Hutson contends that there was no legally sufficient evidence to show that he participated in the conspiracy. It was shown that this appellant drove the automobile which brought Ruth Hutson to the Young apartment on her first visit there. He drove Jennie Lee and Ruth Hutson to the Glen Burnie coffee shop where they met Mrs. Ahlstedt and made arrangements for the performance of the abortion. He and Ruth Hutson made arrangements with Jennie Lee

to take her to the Ahlstedt trailer. He drove Jennie Lee to the trailer and remained in the trailer while the abortion was performed. He visited the trailer with Ruth Hutson on the day following. The automobile was titled jointly in his name and that of Ruth Hutson. He had lived with Ruth Hutson for fifteen years. Although they were not married she used his name. Ruth Hutson had been convicted in six prior cases. He admitted that he had been convicted with her in one similar case and received probation without verdict for three years in another. The evidence permits an inference that he was a party to the whole transaction.

The State contends that there was no motion for a directed verdict by this appellant, and hence there can be no review by this court. *Auchincloss v. State,* 200 Md. 310, 315, 89 A. 2d 605, 607. However, there was an objection to the charge excepting "to that part of the instructions which instructs that there was a conspiracy." Without approving the form of the objection, we hold that there was no error in submitting the case to the jury.

*Judgments affirmed, with costs.*