COMMONWEALTH *vs.* STEPHEN MAHONEY.

Suffolk.    April 5, 1954. — June 18, 1954.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Res Judicata.  Practice, Criminal,* Former jeopardy.  *Robbery.  Assault.
  Larceny.*

A plea of res judicata to an indictment for robbery was not supported
  by a previous finding by a judge of a District Court that there was
  no probable cause to believe the defendant guilty of that crime.  [511–
  512]
Conviction of a defendant in a District Court upon charges of assault
  and battery and larceny of property from the assaulted person did
  not bar, on the ground of former jeopardy, prosecution of the defend-
  ant upon a subsequent indictment for robbery based on the same occur-
  rence as the previous charges, since the District Court had no juris-
  diction to try the defendant for the crime of robbery.  [513–514]

INDICTMENT, found and returned on July 8, 1952.

The case was heard without jury by *Higgins,* C.J.

*George H. Lewald,* for the defendant.

*John F. McAuliffe,* Assistant District Attorney, for the
Commonwealth.

RONAN, J.  The defendant was charged in the Municipal
Court of the City of Boston with an assault and battery on
one Matheson, with the larceny of certain property from
said Matheson, to wit, one wallet, $4.66, and two keys, and
with robbery from the person of said Matheson of the prop-
erty just described.  He was found guilty of the assault and
battery and of the larceny, and sentenced to six months'
imprisonment on each complaint.  These sentences were to
be served successively.  The defendant was committed to
the house of correction in execution of these sentences.  The
Municipal Court found no probable cause to believe him
guilty of having committed robbery and ordered him dis-
charged on that complaint.  While serving these sentences,
the defendant was indicted for robbery from the person of

Matheson of the same personal property as had been set forth in the larceny complaint. The defendant waived a trial by jury in the Superior Court. Motions to dismiss and quash the indictment were denied. Pleas of autrefois convict based on former jeopardy and res judicata were overruled and so were his objections to the admission of evidence relating to the crimes of assault and battery and larceny of which he had been convicted in the Municipal Court. He also excepted to the refusal of the judge to grant his request for a finding of not guilty. The judge found the defendant guilty and reported the case to this court. G. L. (Ter. Ed.) c. 278, § 30. *Commonwealth* v. *Cronin,* 257 Mass. 535. *Commonwealth* v. *Surridge,* 265 Mass. 425. *Commonwealth* v. *Prince,* 327 Mass. 443.

The Municipal Court of the City of Boston had jurisdiction to hear the complaints for assault and battery and for larceny and to convict the defendant if the evidence warranted it, and to impose sentence which would be final unless the defendant appealed. That court, however, had no jurisdiction, G. L. (Ter. Ed.) c. 218, § 26, as appearing in St. 1938, c. 365, § 1, to try a complaint for robbery, the penalty for which was imprisonment in the State prison for more than five years. G. L. (Ter. Ed.) c. 265, § 19. As to that complaint the judge could only determine whether there was probable cause for believing that the defendant was guilty of robbery. If probable cause appeared the judge should have bound the defendant over to the Superior Court. G. L. (Ter. Ed.) c. 218, § 30, as amended by St. 1941, c. 194, § 19. The judge for some reason did not find probable cause. It might possibly be that the common background of the three complaints was not shown to him. If that was demonstrated, he doubtless would have declined jurisdiction and bound over the defendant to the Superior Court on all the complaints. *Commonwealth* v. *Rice,* 216 Mass. 480, 481–482. *Klous* v. *Judges of the Municipal Court,* 251 Mass. 292, 294. See *Commonwealth* v. *Nason,* 252 Mass. 545, 548.

The dismissal of the complaint for robbery because the judge, who could take jurisdiction only for the purpose of

making a preliminary examination, did not find there was probable cause for believing the defendant guilty, was not conclusive as to the guilt or innocence of the defendant, and will not support the defendant's plea of res judicata. *Commonwealth* v. *Harris,* 8 Gray, 470. *Commonwealth* v. *Many,* 14 Gray, 82. *Commonwealth* v. *Hamilton,* 129 Mass. 479. *Commonwealth* v. *Sullivan,* 156 Mass. 487.

It was agreed at the trial of the indictment that the crime for which the defendant was indicted and the crimes for which he was convicted in the Municipal Court all arose out of and were parts of the same transaction. The defendant accordingly contends that his conviction for the assault and battery and for the larceny would bar the prosecution of the indictment for the robbery contrary to the ancient and fundamental principle of our common law, which has been approved and sanctioned by statute. G. L. (Ter. Ed.) c. 263, § 7. The defence of prior jeopardy does not rest entirely upon the proposition that the second prosecution is based upon the same occurrence as was the first one, for it was established in the leading case of *Commonwealth* v. *Roby,* 12 Pick. 496, 504, that the test is not whether the defendant has been previously tried for the same act but whether the defendant might have been convicted in the earlier prosecution by proof of the facts charged in the later indictment or complaint. "In considering the identity of the offence, it must appear by the plea, that the offence charged in both cases was the same in law and in fact. The plea will be vicious, if the offences charged in the two indictments be perfectly distinct in point of law, however nearly they may be connected in fact." See *Commonwealth* v. *DiStasio,* 297 Mass. 347, 356, and cases cited; *Commonwealth* v. *Azer,* 308 Mass. 153, 156, and cases cited.

The misdemeanors and the felony were not the same offences even if they arose out of the same occurrence. *Morey* v. *Commonwealth,* 108 Mass. 433. *Commonwealth* v. *Crowley,* 257 Mass. 590. *Commonwealth* v. *Crecorian,* 264 Mass. 94. *Commonwealth* v. *Maguire,* 313 Mass. 669. The assault and battery and the larceny of the personal prop-

erty from Matheson were parts of the robbery from him of the same personal property. Robbery at common law is a felonious taking of the personal property of another from his person or in his presence, against his will, by the exertion of force actual or constructive. *Commonwealth* v. *Humphries*, 7 Mass. 242. *Commonwealth* v. *Clifford*, 8 Cush. 215. *Commonwealth* v. *Weiner*, 255 Mass. 506. The indictment here was in the statutory form, G. L. (Ter. Ed.) c. 277, § 79, and charged that the defendant did assault Matheson with intent to rob him and did rob and steal from the person of Matheson certain named property belonging to him. The charge of robbery as appearing in this indictment has been defined by statute, G. L. (Ter. Ed.) c. 277, § 39, as "The taking and carrying away of personal property of another from his person and against his will, by force and violence, or by assault and putting in fear, with intent to steal." Assault and a larceny are essential elements of the crime of robbery. A charge of robbery cannot be sustained if there is no evidence of violence, actual or constructive, exerted upon the one on whose person or in whose presence the goods are. Nor can it be sustained if there is lacking any of the elements necessary to constitute larceny. *Commonwealth* v. *Clifford*, 8 Cush. 215. *Commonwealth* v. *Novicki*, 324 Mass. 461. The question then is whether the prosecution for the misdemeanors which were lesser offences than the felony but which constituted parts of the greater offence bars the prosecution for the felony.

The general rule is that a prosecution for a part of a single crime which results in a conviction or acquittal of a defendant is a bar to a subsequent prosecution for another part or the remainder of the crime. Where a lesser offence is included in a greater offence, a prosecution for the former bars a prosecution for the latter. *Giles* v. *United States*, 157 Fed. (2d) 588, 590. *People* v. *Krupa*, 64 Cal. App. (2d) 592. *State* v. *Shannon*, 136 Maine, 127. *State* v. *Lewis*, 2 Hawks, 98. *State* v. *Labato*, 7 N. J. 137. *Commonwealth* v. *Ashe*, 343 Pa. 102, 104. *Commonwealth* v. *Thatcher*, 364 Pa. 326.

*State* v. *Emery*, 68 Vt. 109.   Wharton, Criminal Law (12th ed.) § 394.   22 C. J. S., Criminal Law, § 283, page 425. 172 A. L. R. 1053.   15 Am. Jur., Criminal Law, § 382.

The present case does not come within this rule even if each of the two misdemeanors upon which the defendant was found guilty comprised an essential part of the felony for which he was subsequently convicted.   As the Municipal Court did not have jurisdiction over the offence of robbery, the defendant was not put in jeopardy until after he was indicted for this felony.   In *Commonwealth* v. *McCan*, 277 Mass. 199, 205, it was held that a conviction in the lower court for an indecent assault would not bar the subsequent prosecution for rape where the lower court had no jurisdiction to try the defendant for the greater offence.   In *Commonwealth* v. *Jones*, 288 Mass. 150, it was decided that a plea of acquittal in a District Court on a complaint for the negligent operation of an automobile was insufficient in a prosecution for manslaughter arising out of the same operation.   It was said at page 152, "The rule [of former jeopardy] is also subject to the exception that a conviction or acquittal of a minor statutory offence in an inferior court does not bar prosecution for a higher crime of which the inferior court has no jurisdiction."   We think this is in accord with the great weight of authority.   *Diaz* v. *United States*, 223 U. S. 442.   *Bacom* v. *Sullivan*, 200 Fed. (2d) 70. *State* v. *Dickson*, 200 Iowa, 17.   *People* v. *Townsend*, 214 Mich. 267.   *State* v. *Holm*, 55 Nev. 468.   *State* v. *Goodson*, 54 N. M. 184.   *Crowley* v. *State*, 94 Ohio St. 88.   *Commonwealth* v. *Bergen*, 134 Pa. Super. Ct. 62.   *State* v. *Pearson*, 49 R. I. 386.   *Bowman* v. *State*, 160 Tenn. 305.

There was no error in finding the defendant guilty of robbery and that finding is to stand.

*So ordered.*