## DOTSON *v.* STATE

[No. 243, September Term, 1963.]

---

334

*Decided April 8, 1964.*

*Motion for rehearing filed May 8, 1964, denied June 8, 1964.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT, HORNEY and SYBERT, JJ.

*Thomas J. Scanlon* for the appellant.

*Fred Oken, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *Richard E. Painter, Deputy State's Attorney,* on the brief, for the appellee.

SYBERT, J., delivered the opinion of the Court.

The appellant, John William Dotson, while attempting to pass several automobiles in his traffic lane, drove his sports car on the left side of the road and collided with another automobile shortly before 1:00 A.M. on September 23, 1962, on Indian Head highway, in Prince George's County. The impact collapsed the right side of the appellant's car and threw a young woman, who was a passenger therein, onto the road. When police officers arrived at about 1:00 A.M., the appellant was still in the driver's seat, but the young woman had already been removed from the scene in an ambulance.

At approximately 1:15 A.M., an ambulance arrived at Hadley Memorial Hospital in Washington, D. C., with the body of a young woman. Dr. Akbari of the hospital staff pronounced the woman dead on arrival and diagnosed the cause of death as multiple fractures, shock and hemorrhage. Dr. Akbari testified that he had been informed that the woman was the victim of an automobile accident. He stated that he was given the name of the woman by the ambulance driver, but did not seek further identification at that time since he had to treat several other persons who were involved in the same accident. While her given names were recorded as Janice Marie, Dr. Akbari stated that there was some confusion as to her surname, so the hospital records used two names, "Wachter" and "Wells". The body of the young woman was taken to the coroner's office where it was subsequently identified as that of Janice Marie Wells by her mother and stepfather. The coroner's records stated that the young woman was the victim of an automobile wreck on Indian Head highway.

The appellant was charged in a state warrant with the manslaughter by automobile of Janice Marie Florence Wachter under the provisions of Code (1957), Art. 27, Sec. 388. When the case was called for trial in the People's Court for Prince George's County, he prayed a jury trial, and the case was transferred to the circuit court for trial upon the state warrant. After the appellant was found guilty by a jury and sentenced to imprisonment, he noted this appeal.

The appellant contends that there was no legally sufficient evidence to prove the identity of the woman named in the warrant, and that there was a complete failure of proof that the

woman pronounced dead at Hadley Memorial Hospital was the woman involved in his automobile accident.

We think, however, that the evidence produced by the State was sufficient to take the issues raised by the appellant to the jury and to support their verdict. Of course, the weight to be given to evidence is a matter for the jury to determine. *Perry v. State,* 234 Md. 48, 197 A. 2d 833 (1964). From the fact that the broken body of a young woman arrived by ambulance at the hospital along with information that she was the victim of an automobile accident on Indian Head highway, the jury could reasonably infer that she was in fact the same young woman who had been seriously injured a short time previously in the wreck of the appellant's car on Indian Head highway, and sent by ambulance to a hospital. That both names, "Wachter" and "Wells," referred to the same woman was shown by the fact that the hospital used both names on her record, caused, apparently, by the confusion attendant upon the arrival of several persons injured in the same accident. The warrant was issued on the same day as the accident, while there was still confusion as to the victim's correct name. It was not until the next day that she was formally identified as Janice Marie Wells.

Furthermore, there is no showing that the appellant was misled or prejudiced in his defense by the variance in names. It appears rather generally to be accepted that a variance in names, between that alleged and that proven, is not fatal where it does not mislead the defendant so that he cannot make an intelligent defense, or expose him to double jeopardy. 1 Underhill, *Criminal Evidence* (5th Ed.), Sec. 86; 2 Wharton, *Criminal Evidence* (12th Ed.), Sec. 653; cf. *Hutson v. State,* 202 Md. 333, 338-339, 96 A. 2d 593 (1953). While it undoubtedly would have been better for the State to have moved, either before or during the trial, to amend the warrant to show the correct name of the victim, as permitted by Code (1962 Supp.), Art. 52, Sec. 22, such an amendment, under the circumstances here presented, was not required, and the issue of identity was for the jury. *Hutson v. State, supra; Bennett v. United States,* 227 U. S. 333, 338, 57 L. Ed. 531 (1913).

*Judgment affirmed; appellant to pay the costs.*