## WOODLAND *v.* STATE

[No. 403, September Term, 1963.]

*Decided June 25, 1964.*

The cause was argued before HENDERSON, HAMMOND, MARBURY and SYBERT, JJ., and ANDERSON, J., Associate Judge of the Sixth Judicial Circuit, specially assigned.

*Charles E. Wehland* for the appellant.

*Carville M. Downes, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General,* and *Cornelius F. Sybert, Jr., State's Attorney for Howard County,* on the brief, for the appellee.

PER CURIAM.

There are three questions presented by this appeal. In one the appellant asserts that the State failed to prove ownership of the hosiery as alleged in the indictment. The defendant was charged with larceny of certain articles from a grocery store named in the indictment as "Safeway Stores, Inc.," a corporation, when the correct name is "Safeway Stores, Incorporated." The defendant is now complaining that because the word "Incorporated" was not used, but the abbreviation "Inc." was used in its place, he was prejudiced and should be entitled to a reversal and a new trial. We feel there is no merit in this contention. The basic requirement is only that the defendant be apprised of the person whom the crime concerns so as to eliminate double jeopardy. No one questioned that Safeway Stores was a corporation and it was so called throughout the testimony. At best it is an immaterial variance and not fatal to the case. When the identity of the person referred to is clear no prejudice can result and any variance is immaterial. *Hutson v. State,* 202 Md. 333; 1 *Underhill, Criminal Evidence* (5th Ed.) § 86, p. 142.

Secondly, the appellant questions the lower court's finding that the defendant was guilty of grand larceny because of some conflict in the testimony as to the number of pairs of hosiery taken. However, the lower court found by actual count that 123 pairs of a value of $107.87 had been stolen, and the manner in which this figure was arrived at is clearly set forth in Judge Macgill's opinion. The credibility of witnesses is primarily for

the trier of the facts, and we must accept the findings of fact of a trial judge unless they are clearly erroneous. Maryland Rule 886. *Weaver v. State,* 226 Md. 431, 436.

The appellant further claims that he was not afforded a speedy trial. However, this claim was not pressed on appeal and is without merit. Since the record shows no affirmative request or demand for trial made to the court, it must be presumed that the appellant acquiesced in any delay and cannot now complain. *Harris v. State,* 194 Md. 288, 297, 298; *Kirby v. Warden,* 214 Md. 600, 603.

*Judgment affirmed.*