COMMONWEALTH *vs.* MICHAEL J. GOVE.

Suffolk.    October 11, 1973. — December 18, 1973.

Present: HALE, C.J., ROSE, KEVILLE, GRANT, & ARMSTRONG, JJ.

*Practice, Criminal,* Speedy trial, Deliberation of jury.  *Constitutional Law,* Speedy trial.

Where it appeared in a criminal case arising upon a complaint for rape that the defendant, while a prisoner by reason of convictions of unrelated offenses, made an application under G. L. c. 277, § 72A, for a prompt trial or other disposition of the complaint, that no action was taken by a court or by the prosecution until he was arraigned on the complaint and bound over to the grand jury some fifteen months later, and that he was subsequently indicted for the alleged rape, and there was no evidence as to the reason for the fifteen months' delay, it was held that there was a violation of § 72A which required dismissal of the indictment [618-619]; but a contention by the defendant, that in the circumstances two further indictments against him for assault and battery with a dangerous weapon upon and armed robbery of the same victim at the time of the alleged rape, which were returned simultaneously with the indictment for rape, must also be dismissed, was without merit although the authorities were fully cognizant of all the evidence supporting all three indictments at the time they sought the complaint for rape  [619-621]

Commonwealth *v.* Gove.

Where a motion to dismiss indictments against a prisoner was grounded on denial of his right to a speedy trial under art. 11 of the Declaration of Rights of the Massachusetts Constitution and the Sixth Amendment of the Federal Constitution, delay in the circumstances was not to be measured from any date prior to the date on which the indictments were returned. [621-623]

On findings by a judge who, less than five months after indictments were returned against a prisoner, heard a motion to dismiss the indictments grounded on the defendant's constitutional right to a speedy trial, no prejudice to him from the delay or error in denial of the motion appeared. [621-623]

Where, following the retirement of the jury in a criminal case, the jury requested of the judge a copy of the transcript of the evidence respecting certain matters, which was not then available, no error appeared in a summary of such evidence then given to the jury by the judge, coupled with certain instructions as to the jury's consideration thereof. [623]

INDICTMENTS found and returned in the Superior Court on September 16, 1971.

Motions to dismiss the indictments were heard and denied by *Roy,* J. The cases were tried before *Connolly,* J.

*Robert V. Greco* for the defendant.

*Stephen R. Delinsky,* Assistant District Attorney, for the Commonwealth.

GRANT, J.  The defendant, in proceedings had under G. L. c. 278, §§ 33A-33G, has been convicted on indictments for rape, assault and battery with a dangerous weapon and armed robbery. The errors assigned are (1) the denial of the defendant's motion to dismiss the indictment for rape, (2) the denial of his separate motion to dismiss the indictments for the assault and for armed robbery, and (3) the trial judge's response to the jury's request for a transcript of certain evidence. The following are the events and proceedings relevant and common to (1) and (2).

On August 8, 1969, a complaint issued out of a District Court charging the defendant with a rape committed earlier that day. A warrant for the arrest of the defendant which also issued on that date was, on or before April 16, 1970, lodged with authorities of the Department of Correction, in whose custody the defendant then was by reason of

his conviction of one or more offences unrelated to any of those involved in the present case.[1] On the latter date the defendant was given the written notice required by the first paragraph of G. L. c. 277, § 72A (as appearing in St. 1965, c. 343),[2] of the pendency of the rape complaint in the District Court. On April 27, 1970, the defendant signed and gave to the correctional authorities a written application for a prompt trial or disposition of the complaint.[3] By letter to the clerk of the District Court dated July 18, 1971, the defendant advised the clerk of his desire "to go to court on this warrant so to have it dismissed [sic] or have a probable cause hearing as soon as possible."[4] The defendant was first

---

[1] The defendant's convictions of a number of unrelated offences resulted in his being held in custody continuously from September 19, 1969, until the date of his trial on the present indictments on March 21, 1972.

[2] "The commissioner of correction, the sheriff, master or keeper of a jail or house of correction, or in Suffolk county, the penal institutions commissioner of the city of Boston, shall, upon learning that an untried indictment, information or complaint is pending in any court in the commonwealth against any prisoner serving a term of imprisonment in any correctional institution, jail or house of correction, which is under his supervision or control, notify such prisoner in writing thereof, stating its contents, including the court in which it is pending, and that such prisoner has the right to apply, as hereinafter provided, to such court for prompt trial or other disposition thereof.

"Such application shall be in writing and given or sent by such prisoner to the commissioner of correction, or such sheriff, master, keeper or penal institutions commissioner, who shall promptly forward it to such court by certified mail, together with a certificate of said commissioner of correction, sheriff, master, keeper, or penal institutions commissioner, stating (*a*) the term of commitment under which such prisoner is being held, (*b*) the amount of time served, (*c*) the amount of time remaining to be served, (*d*) the amount of good time earned, (*e*) the time of parole eligibility of such prisoner, and (*f*) any decisions of the board of parole relating to such prisoner. Said commissioner of correction, sheriff, master, keeper, or penal institutions commissioner shall notify the appropriate district attorney by certified mail of such application to the court.

"Any such prisoner shall, within six months after such application is received by the court, be brought into court for trial or other disposition of any such indictment, information or complaint, unless the court shall otherwise order."

[3] We do not know when the application was received by the District Court, but there is a presumption that the correctional authorities promptly forwarded the same to the court in the manner required by the second paragraph of § 72A. See *Commonwealth* v. *Needel,* 349 Mass. 580, 581-582 (1965). We are not advised whether the authorities also notified the appropriate district attorney as (or in the manner) required by the same paragraph of § 72A.

[4] The letter asserted that it was the third of similar import which the defendant had written to the clerk. No earlier letter was produced.

brought into the District Court on August 5, 1971, when he was arraigned on the rape complaint, given a hearing on probable cause, and bound over to the grand jury. On September 16, 1971, the grand jury returned three separate indictments charging the defendant not only with (1) the rape which was the subject of the original complaint (No. 58946) but also with (2) an assault and battery with a dangerous weapon (No. 59700) and (3) an armed robbery (No. 59701); the same date of offence and victim were named in all three indictments.

On September 23, 1971, the defendant filed a motion to dismiss the rape indictment; six days later he filed a separate motion to dismiss the other two indictments. Both motions were heard on February 7, 1972, and denied on the following day. No evidence was introduced before the motion judge as to the reason why the defendant had not been brought into the District Court until more than fifteen months after his written application for prompt trial or disposition of the rape complaint. In his written findings, which will be discussed in further detail at a later point in this opinion, the judge surmised that the delay might have been due to inadvertence or negligence in the office of the clerk of the District Court.[5] The findings contain no reference to the six month requirement of G. L. c. 277, § 72A.

The defendant was subsequently convicted by a jury on all three indictments at a trial held on March 21, 1972.[6]

1. One of the grounds of the motion to dismiss the rape indictment was the failure of the District Court to comply with the requirement of G. L. c. 277, § 72A, that the defendant "be brought into court for trial or other disposition of . . . [the] complaint" within six months of his application for prompt trial or other disposition. It has been

---

[5] Compare *Commonwealth* v. *Jones,* 360 Mass. 498, 501 (1971).

[6] Because of a deficiency in the Commonwealth's proof the trial judge reduced the armed robbery charge to one of simple larceny and charged the jury (which found) accordingly.

held that when a complaint is pending in a District Court the six month requirement is satisfied by the return within that period of an indictment which charges the defendant with the same offence as that alleged in the District Court complaint. *Commonwealth* v. *Stewart,* 361 Mass. 857 (1972). It would appear that the six month requirement can also be satisfied by the arraignment of the defendant within that period, either in the District Court (on the original complaint) or in the Superior Court (on an indictment charging the same offence as that alleged in the complaint). *Commonwealth* v. *Royce,* 358 Mass. 597, 599 (1971). It has been held that a defendant has no right to demand the dismissal of an indictment if his case is not tried or otherwise disposed of within six months after his application for speedy trial if a substantial part of the delay was caused by him or was for his benefit. *Commonwealth* v. *Loftis,* 361 Mass. 545, 549-550 (1972). No case decided under § 72A has considered a situation in which no action whatsoever has been taken, either by a court or by the prosecution, within six months following a defendant's statutory application for prompt action.

The legislative history of § 72A is notable for the absence of any express indication of legislative purpose or intended result.[7] Although it may be supposed that the statute's purpose was to assist in the implementation of the right to speedy trial guaranteed by art. 11 of the Declaration of Rights and by the Sixth (by reason of the Fourteenth) Amendment to the Constitution of the United States, the provision is curious in the sense that the right accorded to a defendant turns almost exclusively on delay, which is but one of the several factors which must be considered in determining whether a defendant has been deprived of the constitutional right. See *Barker* v. *Wingo,* 407 U. S. 514, 530 (1972); *Commonwealth* v. *Horne,* 362 Mass. 738, 742 (1973); *Commonwealth* v. *Steadman, ante,* 541, 543-544. Thus, a defendant who wishes to avail himself of the

---

[7] See 1963 House Doc. Nos. 1232 and 3406; 1963 Senate Doc. No. 813; St. 1963, c. 486; 1965 House Doc. No. 219; St. 1965, c. 343.

benefits of the statute need only make application for a prompt trial or other disposition of his case; if the defendant is not brought into court (or the prosecution does not secure an indictment in a case initiated by complaint) during the six month period, there is no burden on the defendant to explain the delay or to demonstrate attendant prejudice to himself. The more curious aspect of the statute, however, is the lack of any statement of the consequence of a failure to comply with its provisions.

In the instant case we have a defendant who made due application for prompt trial or other disposition of his case, who was not brought into any court for more than fifteen months following such application (and then apparently only as the result of a further request not required of him by the statute), and who was not indicted for the offence charged in the original complaint until a somewhat later date. The statute has clearly been violated, and it falls to us to determine the consequence of such violation. We cannot accept the prosecution's suggestion that the problem may have been resolved in this case by the trial judge's sentencing the defendant to a shorter term than otherwise in an attempt to alleviate the situation. See *Strunk* v. *United States,* 412 U. S. 434, 437-440 (1973). We are of opinion that the only alternative available to us, and one quite proper in the circumstances of this case, is to order that the rape indictment be dismissed.

2. The only complaint which issued out of the District Court was for rape. As we have already noted, the defendant was subsequently indicted not only for that offence but also for those of assault and battery with a dangerous weapon and armed robbery. The affidavit in support of the motion to dismiss the latter two indictments asserts (among other things) that those indictments were not sought until after it had come to the Commonwealth's attention that the defendant intended to seek a dismissal of the rape charge on the ground that the Commonwealth had failed to give him a speedy trial thereon. No evidence in support of that assertion was offered at the hearing on the motions to dismiss, and the motion judge made no finding

in that respect. His findings do state that "there was no intentional delay on the part of the prosecuting officers in the . . . [District] Court to gain some tactical advantage over the defendant or to harass him."[8]

It is obvious, however, both from a contemporaneous entry in a police journal concerning the events of August 8, 1969, and from testimony at the trial, that all three offences, although they arose from separate and distinct acts, were committed by the same individual during the course of a single intrusion into the victim's apartment and that when the police sought the 1969 complaint for rape they were fully cognizant of all the evidence on which the Commonwealth later relied to support the 1971 indictments for all three offences. For this reason the defendant contends that the indictments for the assault and for the armed robbery should also be dismissed because to permit the Commonwealth to seek and maintain those indictments in the circumstances of the present case would be to endorse circumvention of the rights accorded to the defendant by the provisions of G. L. c. 277, § 72A. A majority of the justices participating in the consideration and decision of this case are not prepared to accept the defendant's contention.

At the time § 72A was inserted in the General Laws in its original form (see St. 1963, c. 486[9]) there was no statutory right on the part of any person, whether at large or incarcerated, to be charged simultaneously, whether by complaint or by indictment, with all the offences of which the police or the prosecution might then be aware and which might have been committed in the course of a single act or a closely related series of acts. The case law on former

---

[8] There was, in point of law, no evidence to support the quoted statement as a finding of fact. The defendant has not challenged the statement, perhaps out of a realization that he failed to sustain the burden resting on him to introduce evidence which would show that the prosecution did intend the delay for either of the purposes in question. See *Commonwealth* v. *Jones,* 360 Mass. 498, 502 (1971); *Commonwealth* v. *Horan,* 360 Mass. 739, 741 (1972).

[9] The change in § 72A which was effected by St. 1965, c. 343, is not here material.

jeopardy made it clear that no such general right then existed at common law or under our constitution. See, *e.g.,* *Commonwealth* v. *DiStasio,* 297 Mass. 347, 356-357 (1937); *Commonwealth* v. *Mahoney,* 331 Mass. 510, 512-513 (1954).[10] When the Legislature chose, by St. 1963, c. 486 (and later by St. 1965, c. 343; see n. 2, this opinion), to single out a "prisoner serving a term of imprisonment" and to grant him a priority "to apply . . . for prompt trial or other disposition" over a defendant who might be out on bail (*Commonwealth* v. *Lauria,* 359 Mass. 168, 171 [1971]) it selected language which limited the grant of the right to "an untried indictment, information or complaint . . . *pending* . . . against . . . [the] prisoner" (emphasis supplied). Accordingly, a majority of the aforementioned Justices are of opinion that any extension of either the language or the policy of § 72A to cover indictments such as the second and third indictments returned in this case should be made by the Legislature and not by a court.

That being so, we turn our attention to the factors of "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant" which must be considered on an "ad hoc" basis (*Barker* v. *Wingo,* 407 U. S. 514, 530 [1972]; *Commonwealth* v. *Horne,* 362 Mass. 738, 742 [1973]; see also *Commonwealth* v. *Steadman, ante,* 541, 543-544 [1973]) in connection with the defendant's contention, as stated in his assignment of. error, that "he was not given a speedy trial in violation of Art. 11 of the Declaration of Rights of the Massachusetts Constitution and the Fourteenth Amendment to the United States Constitution as it applies the Sixth Amendment to the states."

We consider first the length of delay. The defendant urges that the delay on these two indictments should be measured from August 8, 1969 (the date of the issuance of the rape complaint in the District Court), or at the very least from April 16, 1970 (the date on which the warrant

---

[10] In so saying we are not unmindful of particular situations such as the one encountered in *Ashe* v. *Swenson,* 397 U. S. 436, 443-446 (1970).

under the rape complaint was lodged with the correctional authorities), to February 7, 1972 (the date of the hearing on the motion to dismiss). We do not agree. An assignment of error phrased, as this one is, solely in terms of the right to speedy trial under art. 11 of the Declaration of Rights and under the Sixth (by reason of the Fourteenth) Amendment to the Constitution of the United States does not reach any question of pre-accusation delay. *United States* v. *Marion,* 404 U. S. 307, 313-322 (1971). *Commonwealth* v. *Horan,* 360 Mass. 739, 740-741 (1972).[11] Accordingly, the applicable period of delay in this case must be measured from September 16, 1971 (the date on which the indictments were returned), until February 7, 1972 (the date of the hearing on the motion to dismiss). The defendant does not suggest that a delay of less than five months was unreasonable.

In these circumstances we see no reason to explore any question as to the reason for the delay. We have already determined that the only right to speedy trial which the defendant sought to assert with respect to these two indictments does not obtain.

The interests of the defendant which must be considered on the question of possible prejudice were identified in *Barker* v. *Wingo* as the following: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired" (407 U. S. at 532). So far as (i) is concerned, we have already seen (n. 1, this opinion) that the defendant was incarcerated by reason of convictions of unrelated offences. There was no evidence or claim of (ii). On (iii), the defendant testified at the hearing on the

---

[11] It appears from the original papers in the latter case that certain of the motions to dismiss the indictments raised questions under art. 11 of the Declaration of Rights as well as under the Sixth Amendment and that such questions were argued in the defendants' briefs. The fact that the court in its opinion did not devote any separate discussion to art. 11 leads us to believe that no distinction is to be drawn between the two provisions in any consideration of preindictment delay. In any event, as in both the *Marion* and the *Horan* cases, there was no showing in this case that the prosecution intentionally delayed seeking indictments in order to gain some tactical advantage over the defendant or to harass him. See n. 8, this opinion.

motion to dismiss that he was then (February 7, 1972) unable to reconstruct his whereabouts, activities or company on August 8, 1969 (the date of the offences). The motion judge specifically found, on the defendant's own testimony, that "the defendant's memory on April 27, 1970 [the date on which the defendant applied for prompt trial or other disposition of the rape complaint] as to the events of August 8, 1969 was no better (and presumably would have been no better within six months after that date) than it is today." Compare *Commonwealth* v. *Jones,* 360 Mass. 498, 499-500, 502 (1971). There was no other evidence or claim of prejudice.

We hold that there was no error in denying the motion to dismiss the indictments for assault and battery with a dangerous weapon and for armed robbery.

3. The victim's identification of the defendant as the one who had committed all three offences was critical to the Commonwealth's case. The jury retired for their deliberations following receipt of a charge to which no exception was taken. Later the foreman sent a note to the trial judge requesting that the jury be supplied with a copy of the transcript (not then available) regarding the amounts of time spent by the victim's assailant in various areas of the victim's apartment, and the lighting conditions at the various times. Following a conference in chambers between and among the judge, both counsel, the assistant clerk and the official stenographer, at which there appears to have been unanimity as to the substance of the requested evidence and the manner in which it should be summarized, the judge returned to the bench and gave the jury a fair, accurate and substantially complete summary of the pertinent testimony of the victim. The judge specifically enjoined the jury, in their consideration of that testimony, to recall the demeanor of the victim and all the circumstances of her examination by the assistant district attorney and by counsel for the defendant. He repeated advice given in his original charge to the effect that the jury had the right to accept all of the victim's testimony, the right to accept only part of it, and the right to reject all of it. The

jury retired and returned their verdicts of guilty in half an hour.

We shall not unduly prolong this opinion by identifying the defendant's particular exceptions or the arguments in support of each; we have examined them all and conclude that they are without merit. See *Commonwealth* v. *Venuti,* 315 Mass. 255, 261 (1943); *Commonwealth* v. *Gerald,* 356 Mass. 386, 389 (1969).

On Indictment No. 58946 the judgment is reversed, the verdict of the jury is set aside, and an order is to be entered dismissing the indictment. The judgments on Indictments Nos. 59700 and 59701 are affirmed.

*So ordered.*

This case was initially heard by a panel composed of the Chief Justice and Justices Grant and Armstrong, and was thereafter submitted on the record and briefs to Justices Rose and Keville, both of whom took part in this decision in accordance with the provisions of Rule 1:18 of this court. Justice Goodman took no part in the consideration or decision of the case.