COMMONWEALTH *vs.* BENJAMIN OVERTON, III.   December 15, 1981. The defendant appeals from his conviction under G. L. c. 265, § 22 (as appearing in St. 1974, c. 474, § 1), of unnatural sexual intercourse by force or threat of bodily force.

1. The defendant's prior convictions would have been admissible for purposes of impeachment under G. L. c. 233, § 21, and while a trial judge

has the power to suppress the use of such convictions if the possibility of unfairness outweighs the usefulness of the information, *Commonwealth* v. *Chase*, 372 Mass. 736, 750 (1977), a refusal to suppress is not subject to appellate review. *Commonwealth* v. *Diaz*, 383 Mass. 73, 80 (1981). *Commonwealth* v. *Caldron*, 383 Mass. 86, 94 (1981). In any event we find no abuse of discretion.

2. The issuance of the complaint and the holding of a probable cause hearing did not bar the Commonwealth from seeking and going forward on the indictments. Mass.R.Crim.P. 3(e), 378 Mass. 849 (1979). *Commonwealth* v. *Mahoney*, 331 Mass. 510, 514 (1954).

3. Assuming, without deciding, that the indictments may have been duplicitous, it was nevertheless proper to submit them both to the jury. *Commonwealth* v. *Jones*, 382 Mass. 387, 394, 395 (1981). See *United States* v. *Honneus*, 508 F.2d 566, 570 (1st Cir. 1974), cert. denied, 421 U.S. 948 (1975). Assuming, but not deciding, that it was error not to submit for the jury's determination the number of crimes the defendant may have committed, see *Commonwealth* v. *Benjamin*, 3 Mass. App. Ct. 604, 619-620 (1975), any error was harmless since the defendant was convicted on only one of the charges.

4. Neither the judge's decision to exclude testimony by the defendant's expert nor his decision to allow the contested testimony by the Commonwealth's expert abused the broad discretion given a trial judge in such matters. "Qualification of a witness to offer an expert opinion on a given question is for determination of the judge as a preliminary issue of fact . . . . Such decisions are rarely reversed on appellate review . . . . The findings of the judge will stand unless the record contains no evidence which supports his conclusion." *Commonwealth* v. *Haas*, 373 Mass. 545, 563 (1977).

5. The Commonwealth adduced sufficient evidence of force or threat of force and of unnatural sexual intercourse to support the judge's denial of the defendant's motion for a required finding of not guilty. Compare *Robinson* v. *Bradley*, 300 F. Supp. 665, 668 (D. Mass. 1969) (threat of force), and *Commonwealth* v. *Mosby*, 11 Mass. App. Ct. 1, 17-18 (1980) (unnatural sexual intercourse).

6. While the prosecutor's remark about the complainant's not being a "a big city girl" took some liberty with the evidence, the transgression was slight, and the other remarks complained of were proper commentary on the evidence. Viewed in its entirety and in context, see *Commonwealth* v. *Fitzgerald*, 376 Mass. 402, 416 (1978), the prosecutor's argument was well within the bounds of propriety.

*Judgment affirmed.*

*Nancy R. Golden* for the defendant.

*Daniel C. Mullane*, Assistant District Attorney (*Peter Muse*, Legal Assistant to the District Attorney, with him) for the Commonwealth.