(Decided 29th June, 1881.)

WILLIAM HAWTHORN *vs.* THE STATE OF MARYLAND.

*Pleading and Practice in Criminal cases—Construction of sec.* 24, *of Art.* 30, *of the Code, relating to Forgery—A check on a Bank held to be a bill of Exchange within the meaning of said section—Forging an indorsement—Amendment of an Indictment—Act of* 1862, *ch.* 80—*Indictment for Forgery.*

Where there is no demurrer to an indictment, the question whether the act charged is a felony for which the accused may be sentenced to the penitentiary, is not so presented as to warrant its being considered by this Court upon writ of error.

A check drawn on a bank is a bill of exchange, and the forgery of the endorsement thereon is a felony, and punished by section 24, of Art. 30, of the Code.

An indictment is a finding by a grand jury upon oath, and it cannot, except in cases where the law has specially authorized such pro-

Hawthorn *vs.* State.

ceeding, and in matters of form which are not matters of substance, be amended by the Court without the concurrence of the grand inquest by whom it was presented.

In matters of form, however, which are not matters of substance, an amendment may be made by the Court or under its direction at any time before the commencement of the trial.

By the Act of 1862, ch. 80, it is provided among other things that it shall be sufficient in any indictment for forging any instrument whatever, " to allege that the defendant did the act with intent to defraud, without alleging the intent of the defendant to be to defraud any particular person, and on the trial it shall not be necessary to prove an intent on the part of the defendant to defraud any particular person, but it shall be sufficient to prove that the defendant did the act charged, with an intent to defraud." HELD :

That under this Act the allegation in an indictment that the forgery was committed with intent to defraud K., the cashier of the H. Bank, was unnecessary or mere surplusage proper to be disregarded. And allowing it to be stricken out was clearly an amendment in mere matter of form and not of substance.

APPEAL as upon Writ of Error from the Circuit Court for Washington County.

The case is stated in the opinion of the Court.

The cause was submitted to BARTOL, C. J., GRASON, MILLER, ALVEY, ROBINSON, IRVING, RITCHIE and MAGRUDER, J.

*Edward Stake, William Kealhofer,* and *A. K. Syester,* for the appellant.

*J. F. A. Remly,* and *Charles J. M. Gwinn, Attorney-General,* for the appellee.

MILLER, J., delivered the opinion of the Court.

It appears from the record in this case that the indictment as originally drawn, charged that the plaintiff in error " devising and intending to cheat and defraud one

Joseph Kausler, cashier of the Hagerstown Bank of said Washington County and State of Maryland, of his goods and moneys, did falsely, fraudulently and *feloniously* forge and counterfeit *the name and endorsement* of a certain Hester Hawthorn upon the back of a certain cheque, the tenor of which said cheque is as follows, that is to say:

"CHAMBERSBERG, PA., *March* 29*th*, 1880.

"National Bank of Chambersburg pay to Hester Hawthorn or order, three hundred dollars.

$300.00. E. H. HAGERMAN.

"which said false, forged and counterfeited endorsement of the aforesaid Hester Hawthorn's name on the back of the cheque aforesaid, was made and written by the aforesaid William Hawthorn, with intent to cheat and defraud the said Joseph Kausler, cashier as aforesaid, contrary to the Act of Assembly in such case made and provided, and against the peace, government and dignity of the State."

To this indictment the accused pleaded not guilty, but before the jury was sworn, the State's Attorney moved to strike from the indictment the words charging that the forgery was committed with intent to cheat and defraud Joseph Kausler, thus leaving it as simply charging that the act was done with intent to cheat and defraud, without stating the name of any particular person intended to be defrauded. This motion was granted by the Court and the indictment so amended is set out in the record. Upon the trial the jury rendered a verdict of "guilty," which as extended in the record is "that the said William Hawthorn is guilty of the matter whereof he stands indicted." Motions in arrest and for a new trial were then made, both of which were overruled, and the party was sentenced to be confined in the penitentiary for the period of five years. He then applied to have the record

Hawthorn *vs.* State.

removed to this Court as upon writ of error ; and the points or questions of law designated in his application, by the decision of which he alleges he is aggrieved, though stated under several heads, are in substance but two, viz.,

1st. That the forgery of the endorsement of the name of Hester Hawthorn upon the instrument set out in the indictment, is not a felony under the laws of Maryland, and the Court had no power to sentence him to the penitentiary therefor.

2nd. That the Court below had no legal power to authorize the State's Attorney to make the alteration, above referred to, in the indictment.

1st. As to the first point it might be sufficient to say, that as there was no demurrer to the indictment either in its original or amended form, the question is not so presented as to warrant its being considered by this Court. If this forgery be not a *felony*, as the indictment charges, it is plain the objection could have been taken by demurrer, and it is plainly provided by the Code, Art. 30, sec. 82, that no judgment shall be reversed "for any matter or cause which might have been a subject of demurrer to the indictment." In *Cochrane vs. The State*, 6 *Md.*, 400, it was decided, that since the Act of 1852, ch. 63, (which is now Art. 30, sec. 82, of the Code,) if the prisoner does not choose to demur, but goes to trial on the plea of not guilty, and he is found guilty, judgment may be pronounced by the Court notwithstanding the indictment is defective. But as it has been earnestly argued by his counsel that there is no more warrant in law for sentencing the plaintiff in error to the penitentiary for five years for forging the endorsement of the payee's name on this cheque, than there would be to hang him, and that the failure to demur does not remove this ground of reversal, because the error lies in the *sentence* which a demurrer cannot reach, we shall consider the question and dispose of it. We do this for the purpose of

deciding the point so as to settle the law and to remove
all doubt as to the validity of sentences in similar cases, for
which parties are now undergoing punishment in the
penitentiary.   The exact question presented is, has the
forgery of the *endorsement* of the payee's name · upon an
ordinary bank *cheque* payable to his order, been made a
felony by the statute law of this State, and punishable by
confinement in the penitentiary for the period prescribed
in this sentence?   As to this we entertain no doubt what-
ever.   In sec. 24, Art. 30 of the Code, it is plainly pro-
vided (among other things,) that if any person shall
falsely make, forge or counterfeit " the endorsement of
*any bill of exchange*," with the intent to defraud any per-
son whomsoever, he "shall be deemed a *felon*, and on
being thereof convicted, shall be sentenced to the peniten-
tiary for not less than five nor more than ten years."   This
brings us to the question, do the terms " any bill of ex-
change," as used in this section comprehend bank cheques,
drawn in the usual form and payable to the order of some
named payee?   To determine this the Court is not only
authorized but bound to look to the authorities in civil
cases, and ascertain how such instruments are treated, de-
nominated and classified in commercial law ; and for that
purpose the decisions of this Court are abundantly suf-
ficient.   In the early case of *Woods vs. Schrœder, 4 H. &
J.,* 276, suit was brought by the holder against the
drawer of a cheque payable to bearer.   It was declared on
as an inland bill of exchange, was so treated by the Court,
and the plaintiff to whom it had been passed for value by
the party to whom the drawer first delivered it, was allowed
to recover.   In *Moses vs. Franklin Bank,* 34 *Md.,* 574,
suit was brought by the endorsee and holder against the
payee and endorser of a cheque payable to order.   In that
case after a thorough review of the authorities, it was
decided that the cheque was an inland bill of exchange
and therefore protestable as such under secs. 6 and 7 of

Hawthorn *vs.* State.

Art. 14 of the Code. "According," say the Court, "to all the text writers on bills and notes, as well as in numerous decisions, a cheque is denominated a species of inland bill of exchange, not with all the incidents of an ordinary bill of exchange it is true, but still it belongs to that class and character of commercial paper." In addition to the authorities referred to in that case, reference may be made to the recent English case of *Hopkinson vs. Foster*, in *Law Rep.*, 19 *Eq. Cases,* 74, where it is said, "a cheque is clearly not an assignment of money in the hands of a banker; it is a bill of exchange payable at a banker's; the banker is bound by his contract with his customer to honor the cheque when he has sufficient assets in his hands." In view then of the fact that a cheque upon a bank is thus designated and classified by the authorities as a bill of exchange, we have no difficulty in deciding that the forgery of the endorsement upon the instrument set out in this indictment is made a felony and punished by sec. 24, Art. 30 of the Code. It follows that the sentence in this case was lawfully imposed.

2nd. As to the second question, we think the Attorney-General has correctly stated the law in his brief. An indictment is a finding by a grand jury upon oath, and it cannot, except in cases where the law has specially authorized such proceeding, and in matters of form which are not matters of substance, be amended by a Court without the concurrence of the grand inquest, by whom it was presented. In matters of form, however, which are not matters of substance, an amendment may be made by the Court, or under its direction, at any time before the commencement of the trial. 1 *Chitty's Cr. Law,* 297. By the Act of 1862, ch. 80, it is provided among other things, that it shall be sufficient in any indictment for forging any instrument whatsoever, " to allege that the defendant did the act with intent to defraud, without alleging the intent of the defendant to be to defraud any particular

person, and on the trial it shall not be necessary to prove an intent on the part of the defendant to defraud any particular person, but it shall be sufficient to prove that the defendant did the act charged, with an intent to defraud." Under this Act, the allegation in the indictment, as it originally stood, that the intent was to defraud Kausler, the cashier of the Hagerstown Bank, became unnecessary or mere *surplusage,* proper to be disregarded. Being thus mere surplusage, proper to be disregarded, allowing it to be stricken out, was clearly an amendment in mere matter of form, and not of substance.

These views dispose of all the points or questions of law designated in the application for the writ, and the judgment must be affirmed.

*Judgment affirmed.*

(Decided 30th June, 1881.)