**(122 So. 67)**

No. 29779.

### STATE v. FLANERY.

March 25, 1929. Rehearing Denied April 22, 1929.

Cline, Plauche & Girod and Griffin T. Hawkins, all of Lake Charles, and C. E. Loeb Savoy, of New Orleans, for appellant.

Percy Saint, Atty. Gen., John J. Robira, Dist. Atty., and S. H. Jones, Asst. Dist. Atty., both of Lake Charles (E. R. Schowalter, Asst. Atty. Gen., of counsel), for the State.

OVERTON, J. The district attorney for the parish of Calcasieu filed a bill of information against the defendant for embezzlement. The bill was filed on October 1, 1928; and, in the part preferring the charge, reads that:

"Paul L. Flanery at the parish of Calcasieu on or about the 12th day of April, in the year of our Lord, One Thousand Nine Hundred and Twenty-eight (1928) while acting in the capacity of servant, broker, agent, consignee, trustee, attorney, mandatory, depository and bailee of R. E. Gillson, by virtue of his said employment, then and while he was so employed as servant, broker, agent, consignee, trustee, attorney, mandatory, depository and bailee aforesaid, did receive and take into his possession, and did have intrusted to his care, keeping and possession, by said R. E. Gillson four hundred and fifty-four and 72/100 dollars, lawful money of the United States of America, of the money and property of said R. E. Gillson [*], he the said Paul L. Flanery while acting as the servant, broker, agent, consignee, trustee, attorney, mandatory, depository and bailee of the said R. E. Gillson, as aforesaid, did then and there, unlawfully, wilfully, fraudulently, wrongfully and feloniously use, dispose of, conceal and otherwise embezzle."

Although the bill of information was filed within a year after the alleged commission of the offense, the bill contains, in what is designated as a separate count, but which is, in fact, not properly a separate count, but a mere continuation of the only count in the indictment, an allegation negativing prescription, which, by itself, comprises the so-called second count.

On the day of trial, but before the trial had commenced, the state moved the court to amend the bill of information by changing the year in which it was alleged that the offense was committed from 1928 to 1927. The court permitted the amendment to be made. The effect of this amendment would have been, were it not for the allegation negativing prescription, to place the offense in prescription. At the same time, the state also moved the court to amend the bill of information by inserting between the words "Gillson" and "he," at the point in that part of the bill of information quoted above, where the asterisk, inclosed in brackets, and inserted by us, appears, the following words, to wit: "Which said money and property of said R. E. Gillson"—so as to make the information show affirmatively that it was the money and property of said R. E. Gillson, described in the preceding part of the quoted charge, that defendant embezzled. Defendant objected to both amendments, but the court overruled his objections, whereupon defendant reserved a bill of exception to the ruling of the court, but did not ask for a continuance to meet the bill of information in its changed condition.

The ground of objection, urged to the amendments, was that the bill of information failed to charge an offense against the state, and could not be so amended as to charge one. This ground was also urged in a motion for a new trial, and also constituted the basis of a motion in arrest of judgment, to the overruling of both of which bills were reserved. The only point presented by the appeal for consideration is whether it was permissible to permit the amendment of the bill of information.

█ Defendant urges that the amendments were material, and therefore should not have been allowed, and, not only this, but also that the bill was so defective, because it charged no offense, that it was not susceptible of amendment. He relies largely upon sections 1047 and 1066 of the Revised Statutes to maintain his position. Section 1047 provides for the amendment of indictments in certain specified instances, where there is a variance between the indictment and the proof, whenever the court shall consider the variance not material to the merits of the case, and nonprejudicial to the defense. Section 1066 provides, in effect, that section 1047 is applicable also to the amendment of bills of information and to presentments.

The fact that section 1047 of the Revised Statutes is applicable, by virtue of section 1066, to the amendment of bills of information, does not mean that the right to amend such bills is measured by the right to amend bills of indictment by the court, at the instance of the state. The two instruments stand upon different footings. A bill of indictment emanates from a grand jury, and, in the absence of statute, cannot be amended, at least, as to matters of substance, without the consent of that body. 31 C. J. p. 823, § 413. On the other hand, a bill of information emanates from the district attorney. As the bill emanates from him, it may be amended on his own motion, without the aid of a statute, to any extent consistent with justice. Thus, in State v. Terrebonne and Boulet, 45 La. Ann. 25, 12 So. 315, in speaking of statutes authorizing amendments, it was said: "But such statutes are not necessary

to authorize the amendment of informations. As Mr. Bishop says, 'an information is quite unlike an indictment as to amendments. The officer prosecuting it being always in court, it may on his application be always amended to any extent consistent with the orderly conduct of judicial business, with the public interests and with private rights,' but he adds, 'the application may, indeed, be denied.' 1 Bish. Cr. Proc. § 714."

█ The right to amend a bill of information is therefore much broader than the right to amend a bill of indictment. The fact that the bill of information may not have charged an offense when filed does not prevent its being amended so as to charge one, when the amendment, as is the case here, is made before the commencement of the trial, and in such a case, or if the amendment be material for other reasons, or requires time to meet it, the remedy is to object to going to trial until sufficient time is given to meet the information in its changed condition. If the case be one in which the accused, because of the amendment, is entitled to rearraignment and to service of the information, as amended, and he goes to trial without demanding either, by so going to trial, he waives both rights. Act 31 of 1926, § 3; State v. Benjamin, 7 La. Ann. 47.

In the case at bar, notwithstanding the amendments, defendant did not ask for a continuance. He is without right to complain of the proceedings had. The cases cited by defendant, relative to the amendment of indictments, are not pertinent here.

For the reasons assigned, the verdict and, the sentence appealed from are affirmed.