## DENNIS v. STATE

[No. 159, October Term, 1956.]

116

*Decided  April  15, 1957.*

The cause was argued before BRUNE, C. J., COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

*John L. Sanford, Jr.,.* with whom was *Thomas F. Johnson* on the brief, for appellant.

*Clayton A. Dietrich, Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General, Stedman Prescott, Jr., Deputy Attorney General,* and *Daniel T. Prettyman, State's Attorney for Worcester County,* on the brief, for appellee.

COLLINS, J., delivered the opinion of the Court.

This is an appeal from a conviction and fine of $50.00 and costs.

The defendant, appellant, and the State, appellee, entered into a stipulation, the essential parts of which follow. On April 30, 1956, a warrant was issued by a trial magistrate of Worcester County, Maryland, charging Bertha T. Dennis "with having on the 28th day of April, 1956, allowed a minor under the age of twenty-one years to loaf and loiter about the place of business for which a license to sell alcoholic beverages is issued, to wit, the 'High Hat' contrary to the Act of Assembly in such case made and provided and against the peace, government and dignity of the State." The defendant appeared before the trial magistrate on June 20, 1956, and requested a jury trial. This was granted, bond was given, and the aforesaid warrant, with a certified copy of the docket entries, and the bond were transmitted by the trial magistrate to the Circuit Court for Worcester County. On October 18, 1956, the case was called for trial in that court. The defendant, through her attorneys, filed a motion to dismiss said warrant for the reason that it did not state an offense against the laws of the State of Maryland. After argument by counsel, the State's Attorney requested orally to amend the warrant by inserting after the words "High Hat", the following: "The said Bertha T. Dennis being then and there the holder of a Class D, Beer and Wine License #75, authorizing her to sell beer and wine on the premises known as the High Hat Casino, situate R.F.D. #2, Hollygrove Road, Berlin, Worcester County, Maryland." The trial court granted the State's motion to amend the warrant over the objection of the defendant. The traverser plead not guilty, elected a jury trial, and a verdict of guilty was rendered. On October 18, 1956, she was fined as aforesaid, and appeals here.

The defendant was tried for violation of Code, 1951, Article 2B, Section 124 (c), which provides: "It shall be unlawful for any licensee under this Article to allow any minor or minors under the age of twenty-one years to loaf or loiter about the place of business for which such license is issued;

restaurants may, however, serve meals without alcoholic beverages to minors." As above set forth the original warrant did not state that the defendant was the holder of a license for the premises. The State admits that the warrant as originally drawn was defective.

By Code, 1951, Article 52, Section 20, originally enacted as Chapter 444 of the Acts of 1906, it is provided, among other things, that when a criminal trial has been removed from a justice of the peace to the circuit court for a jury trial, that court may on motion of the State's Attorney amend the information, warrant, docket entries, name of the offender, or other proceedings in such case; provided, however, that such amendment "does' not change the character of the offense or crime with which the accused is charged." The appellant claims that the amendment allowed by the trial judge changed the character of the offense or crime with which the accused was charged.

After the enactment of Article 52, Section 20, *supra,* it was pointed out in *Crichton v. State,* 115 Md. 423, 81 A. 36, decided April 5, 1911, where the warrant does not sufficiently describe the offenses intended to be charged and is not technically correct, and it can readily be seen with what crime the defendant is intended to be charged, the warrant could be amended. In *Laque v. State,* 207 Md. 242, 113 A. 2d 893, decided May 16, 1955, it was held that the defendant was charged with violating the wrong section of a zoning ordinance, but as the form in which the charge was stated did not appear to have misled the appellant, as was indicated by his construction of the warrants, as stated in his brief, that the charges could have been corrected by amendments of the warrants at any time before final judgment under Article 52, Section 20, *supra.* The Supreme Court denied certiorari. 350 U. S. 863, 100 L. Ed. 765, 76 S. Ct. 105.

The only claimed defect in the warrant here was the failure to state that the accused was the licensee of the premises. The appellant admitted in this Court that under the original warrant there was no question as to what section of the Code defendant was charged with violating. We are of opin-

ion that the trial judge was authorized by Article 52, Section 20, *supra,* to allow the amendment to the warrant, and that the judgment should be affirmed.

*Judgment affirmed, with costs.*