### GRAY *v.* STATE

[No. 222, September Term, 1957.]

*Decided April 25, 1958.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Ignatius J. Keane* and *Joseph G. Lindamood, Jr.,* with whom was *Joseph A. DePaul* on the brief, for the appellant.

*E. Clinton Bamberger, Jr., Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General,* and *Blair H. Smith, State's Attorney for Prince George's County,* on the brief, for the appellee.

HORNEY, J., delivered the opinion of the Court.

Theodore Mitchell Gray (the defendant) was convicted by the Circuit Court for Prince George's County (Gray, C. J.) of carrying a deadly and dangerous weapon concealed upon and about his person in violation of Code (1951), Art. 27, sec. 44 (a) [now codified as Art. 27, sec. 36 (a) in the 1957 Code]. The defendant's only contention on his appeal to this Court concerns the amendment of the state warrant immediately prior to the commencement of the trial.

On May 16, 1957, a justice of the peace in and for Prince George's County issued a state warrant for the arrest of the defendant charging him, as issued, with having *"unlawfully * * * [carried] a deadly and dangerous weapon, to wit: Two '38 Caliber Pistols."* (Emphasis added). The heading or titling of the warrant showed that it was a "Concealed Weapon" warrant. The text of the warrant concluded with the usual "exception" clause to the effect that the defendant was not one of the excepted persons referred to in detail in

Code (1951), Art. 27, sec. 44 (b) [sec. 36 (b) in the 1957 Code].

When he was brought before the trial magistrate, the defendant prayed a jury trial, whereupon the case was transferred or removed to the circuit court for trial upon the state warrant. In the trial court the defendant pleaded not guilty and elected to be tried by the court without a jury. At the beginning of the trial, the State moved to amend the warrant by adding the words, "concealed upon *or* about his person." Counsel for the defendant objected to the amendment. After a colloquy between the trial judge and counsel,[1] the State revised the amendment to read, "concealed upon *and* about his person." The court permitted the State's Attorney to make the amendment as revised.

The trial judge suggested to the defendant's counsel that the objection to the form and propriety of the amendment could be reached by a motion to dismiss the warrant after the amendment had been made, but counsel neither made such a motion nor requested a postponement to afford him time to prepare a defense to what he contended was a charge of which the defendant had not been informed by the warrant as it was issued. The defendant contends here (i) that the original warrant was a nullity, (ii) that it was reversible error to permit the State to so amend the invalid warrant as to charge the defendant with a criminal offense of which he had not been properly notified by a valid state warrant, and (iii) that the verdict and judgment of the lower court should be reversed.

When a criminal case has been *removed* from a trial magistrate to a circuit court on an application for a jury trial, as this case was, Code (1951), Art. 52, sec. 20 [sec. 22 in the 1957 Code], specifically authorized the court, "on motion of the State's attorney, * * * at any time before the trial or during the progress of trial, before final judgment, [to] amend the * * * warrant * * * in such case; *provided, how-*

---

1. During the colloquy counsel for the defendant claimed the warrant was a nullity. The trial judge commented that it might not charge a crime and might be an inadequate warrant, but it was still a warrant and not a nullity.

*ever, that such amendment does not change the character of the offense or crime with which the accused is charged."* (Emphasis added).

The defendant concedes that if the warrant had charged him with one of the two possible violations of law under Section 44 (a), *supra,* the State had a right to amend the warrant when it did so long as the character of the offense was not changed. But he insists that since the warrant *as issued* did not charge him with the violation of any offense or crime whatsoever, the warrant was not amendable in the circuit court, and he should have been discharged without a trial. The defendant also argues that his trial and conviction was a violation of Article 21 of the Declaration of Rights inasmuch as he was not "informed of the accusation against him," and did not "have a copy of the Indictment, or charge, in due time * * * to prepare for his defence." Relying on *Willis v. State,* 205 Md. 118, 106 A. 2d 85 (1954), *Leet v. State,* 203 Md. 285, 100 A. 2d 789 (1953), and *State v. Lassotovitch,* 162 Md. 147, 159 A. 362 (1932), the defendant points out that a criminal charge must characterize the crime and describe the particular offense so as to put the accused on notice of what he is called upon to defend and to prevent a future prosecution for the same offense. The defendant has a constitutional right, as he properly claims, to be "informed of the accusation against him." Such accusation may be made in a proper case by a state warrant as well as by an indictment or an information. There is an important difference, however, between the amendability of a state warrant and an information on the one hand and an indictment on the other. The amendment of a state warrant has been explicitly authorized by statute. Art. 52, sec. 20, *supra.* From an early date it has been permissible to amend informations by leave of court, permission being within the sound discretion of the trial court. 4 *Wharton, Criminal Law and Procedure* (1957), Sec. 1880; *Rex v. Wilkes,* 4 Burr. 2527, 2569 (1770). And see the discussion in *Ex parte Bain,* 121 U. S. 1 (1887), and the statements in 22 Cyc. 438 and 42 *C. J. S., Indictments and Informations,* Sec. 235. But an indictment may be amended only as to matters of form before

trial; never with respect to matters of substance except by the grand jury which presented it, unless specifically authorized by statute. *State v. Wheatley,* 192 Md. 44, 63 A. 2d 644 (1949); *Hawthorn v. State,* 56 Md. 530 (1881).

The real question then is whether the amendment of the state warrant changed the character of the offense charged therein. We think it is clear that it did not. The heading or titling was sufficient to show that it was a "concealed weapon" warrant. It was so captioned on its face. Thus the warrant, even without amendment, actually informed the defendant of the charge against him in non-technical terms in that it set forth a charge that the defendant "unlawfully carried" two "deadly and dangerous weapons." The amendment did not change the basic description of the offense. It merely specified the manner in which the defendant unlawfully carried the two pistols, that is, "concealed upon and about his person," instead of "openly with the intent and purpose of injury to any person in any unlawful manner." The warrant, without amendment, also informed the defendant that he was not one of the "excepted" persons referred to in the statute.

The case of *Dennis v. State,* 213 Md. 115, 131 A. 2d 285 (1957), is directly in point. Where a violation of the *same section* of the Code is charged both before and after the amendment, it is not error to permit the amendment. In the Dennis case the warrant .intended to charge an offense under Code (1951), Art. 2B, sec. 124 (c), making it unlawful for the holder of an alcoholic beverage license to allow minors to loaf or loiter about the tavern for which the license was issued, but the warrant failed to state that the defendant was the licensee of the tavern where the loafing and loitering took place. The warrant was defective, of course, but we held that Art. 52, sec. 20, *supra,* authorized the court to allow an amendment.[2] The defendant in the case now before us knew, as did the defendant in the *Dennis* case, what section of the

2. Since state warrants, with respect to amendability, are comparable to informations, see *State v. Kusel,* 29 Wyo. 287, 213 P. 367 (1923), and particularly *State v. Flanery,* 168 La. 364, 122 So. 67 (1929).

Code he was charged with violating. The warrant as amended unquestionably described in detail the offense the defendant was called upon to defend and with such sufficient particularity as to bar a subsequent prosecution for the same offense. See also *Crichton v. State,* 115 Md. 423, 81 A. 36 (1911), in which we pointed out that where a warrant does not sufficiently describe the offense intended to be charged—although the intended charge is readily discernible—the warrant is amendable, and *Laque v. State,* 207 Md. 242, 113 A. 2d 893 (1955), in which we held that inasmuch as the form of the warrant—charging the defendant with violating a wrong section of a zoning ordinance—had not misled the defendant, the correct section could have been substituted by amendment.

In the conclusion to his brief, the defendant prays he be discharged, or, in the alternative, that the verdict and judgment of the lower court be set aside and the case remanded for a new trial, presumably on the ground that he did not have time to prepare for his defense after the amendment had been made. We can do neither. He is definitely not entitled to be discharged; nor is he entitled to have this case remanded for a new trial. If he was surprised by the amendment or was not ready to go to trial forthwith, he should have moved for a postponement. *State v. Flanery,* 168 La. 364, 122 So. 67 (1929); *Hutson v. State,* 202 Md. 333, 339, 96 A. 2d 593 (1953). The trial court undoubtedly would have granted a postponement had it been requested, but an appeal is of no avail to counteract a failure to act in the lower court.

> *Judgment and sentence affirmed,*
> *the appellant to pay the costs.*