## CORBIN v. STATE

[No. 155, September Term, 1964.]

*Decided February 10, 1965.*

The cause was argued before PRESCOTT, C. J., and HAM-
MOND, MARBURY, SYBERT and OPPENHEIMER, JJ.

*Thomas N. Evans, Jr.,* for appellant.

*David T. Mason, Assistant Attorney General,* with whom
were *Thomas B. Finan, Attorney General, Charles E. Moylan,
Jr.* and *Andrew J. Graham, State's Attorney* and *Assistant
State's Attorney,* respectively, *for Baltimore City,* on the brief,
for appellee.

MARBURY, J., delivered the opinion of the Court.

On July 29, 1963, indictment No. 3114 charging in the first
count grand larceny of an automobile, two suitcases and money
was filed against Harry N. Corbin, Jr., appellant. On the same

day there was also filed against him indictment No. 3116 charging him with carrying a dangerous and deadly weapon. On November 6, 1963, indictment No. 4894 was filed against him charging in the first count grand larceny of five checks. All three indictments were tried together in the Criminal Court of Baltimore, Judge Harlan presiding without a jury. He found appellant guilty under the first count of indictment 3114 and also under indictment 3116, for which appellant was sentenced to the Maryland House of Correction for three years, and one year, respectively, to run concurrently; and guilty under the first count of indictment 4894, for which he was sentenced to the House of Correction for two years, to run consecutively with the sentence imposed under indictment 3114. He appealed to this Court from the judgments and sentences imposed in all three cases.

At about 6:30 P. M. on May 31, 1963, Morris Silverberg parked a 1962 black Mercury Comet sedan at the corner of Gilmor and Frederick Avenues in Baltimore. In the trunk compartment was a suitcase containing rolls of coins and an envelope in which there was currency. He returned a short time later and found the automobile missing. Velsa Gabler testified that on the same day while looking out the window of her apartment, she saw Mr. Silverberg park and leave his car, and that shortly thereafter she observed three men pushing a black Mercury. She identified the appellant as one of the three men. Further, her husband testified that, when called to the window by his wife, he saw a Mercury Comet being pushed by a red and white Ford and Corbin was also pushing the car from the curb.

On June 1, 1963, Sergeant McGovern took Mrs. Gabler to the 900 block of Baltimore Street where she pointed out a red and white Ford automobile which was then impounded by the police. After impoundment, it was searched and two pistols were found. One, a .38 caliber was owned by Joseph Galiano. A .22 caliber pistol was found in the car a day later. However, Sergeant McGovern testified its ownership was never ascertained. The appellant testified that he was the owner of a 1956 red and white Ford which he had loaned to Galiano, but that he was not in town on May 31.

As to indictment 4894, David Diamond parked an Oldsmo-

bile sedan in front of a filling station on October 11, 1963. There were five checks of a face value of $200.52 in the trunk of the car. A police officer "staked out" at the filling station saw appellant go to the rear of the vehicle, open the trunk with a key and remove a package containing the checks, and other articles.

The appellant first contends that the lower court erred in permitting an amendment to indictment 3114. The pertinent parts of the indictment as returned by the grand jury read:

> "The Jurors * * * do on their oath present that Harry N. Corbin * * * on the thirty-first day of May, * * * against the will and consent of Morris M. Silverberg and his agents, unlawfully did take and carry away, out of the custody and use of the said Morris M. Silverberg and his agents, One Mercury comet automobile, * * * of the goods, chattels, moneys and properties of Morris M. Silverberg."

The record discloses that at the outset of the trial, the State moved to amend this indictment changing the ownership from Morris M. Silverberg to Merit Music Service, Inc., a corporation (of which he was president). The amendment was permitted over the objection of the defense counsel. The State, claiming that the amendment was a matter of form, contends that the granting thereof was proper. However, appellant claims that the amendment concerned a matter of substance, and should not have been allowed under Maryland Rule 714. This Rule states:

> "The court may permit an indictment or information to be amended at any time before verdict as to matter of form, but not as to matter of substance."

It is the appellant's contention that an allegation of ownership is a matter of substance and that the amendment of the indictment by the State constituted a change of the person and not merely a correction of the name of the person.

As to what constitutes substance and what is merely formal in an indictment, it may be said that all facts which must be proved to make the act complained of a crime are matters of

substance, and that all else—including the order of arrangement and precise words, unless they alone will convey the proper meaning—is formal. 27 Am. Jur., *Indictments and Informations,* § 117, *Lank v. State,* 219 Md. 433, 149 A. 2d 367. We have held in the past that a criminal charge must so characterize the crime and describe the particular offense so as to give the accused notice of what he is called upon to defend and to prevent a future prosecution for the same offense. *Dotson v. State,* 234 Md. 333, 199 A. 2d 235; *Cropper v. State,* 233 Md. 384, 197 A. 2d 112; *Lank v. State, supra; Gray v. State,* 216 Md. 410, 140 A. 2d 643; *Hutson v. State,* 202 Md. 333, 96 A. 2d 593. Under the circumstances as presented here, changing the name of the owner of the property constituting the subject matter of the crime charged was a change in form and not substance, since none of the essential elements of the offense was changed, and therefore the amendment was properly allowed and resulted in no prejudice to the rights of the accused. Annotation, 68 A.L.R. *Power of court to amend indictment,* p. 928.

The appellant further contends the trial court should have disregarded his identification at the trial by a witness who did not identify him to the police in a lineup. Velsa Gabler and her husband both identified the appellant at the trial as one of the persons seen by them stealing the car on May 31. The fact that Mrs. Gabler did not identify Corbin in a lineup would not require the lower court to disregard or exclude her testimony. This is especially true here in light of the witness's testimony that she knew the appellant was one of the persons involved in the larceny of the automobile but she wouldn't identify him in the police lineup because people were coming to her house causing trouble after she had previously identified a companion of the appellant in a lineup. In such case, we think the credibility of the witness's testimony was primarily for the trier of facts. Rule 886 a; *Hamm v. State,* 233 Md. 248, 196 A. 2d 464; *Weaver v. State,* 226 Md. 431, 174 A. 2d 76.

The appellant argues that the circumstantial evidence was not sufficient to convict him under either count of indictment 3116, charging violations of Code (1964 Cum. Supp.), Article

27, Section 36. We agree. The pertinent part of this section of the Code provides:

> "Every person who shall wear or carry any pistol, * * * or any other dangerous or deadly weapon of any kind, whatsoever * * * concealed upon or about his person, and every person who shall wear or carry any such weapon openly with the intent or purpose of injuring any person in any unlawful manner, shall be guilty of a misdemeanor, * * *."

The State's evidence established that two pistols were found in appellant's car. One pistol was shown to be owned by Joseph Galiano, but the owner of the .22 caliber pistol was never ascertained. In order to support the conviction of the carrying or wearing a dangerous or deadly weapon, it was necessary that the State establish the fact that the accused was carrying the weapon or that it was in such proximity to him as would make it available for his immediate use. *Veney v. State*, 227 Md. 608, 177 A. 2d 883. The evidence did not disclose in what portion of Corbin's car either of the pistols were found. Hence the judgment on this indictment must be reversed, a slight moral victory for the appellant affording him no practical benefit. We see no reason to remand for a new trial on this indictment since the lower court sentenced the appellant to one year to run concurrently with the three year sentence in No. 3114.

As to indictment 4894, the appellant contends that the evidence was insufficient because the stipulation of facts upon which that case was tried did not state all the essential ingredients of the crime charged, in that it did not specifically negate the property owner's consent to the taking. A review of the facts stipulated shows that David Diamond had complained to the police on numerous occasions that he and his employees were being followed. On October 11, 1963, he placed in the trunk of his car checks and other articles valued in excess of $100 and parked the car in front of a service station where a police officer was "staked out." This officer observed the appellant open the trunk of the car with a key and remove the property placed therein, and the appellant was immediately apprehended with this property in his possession. It is clear that the evidence as

stipulated on behalf of the State and the inferences deducible therefrom were sufficient to justify a finding by the lower court that the appellant wrongfully took the property in question without the owner's consent. *Murray v. State,* 214 Md. 383, 135 A. 2d 314.

> *Judgments in Nos. 3114 and 4894 affirmed. Judgment in No. 3116 reversed.*