LEONARD GYANT a/k/a Jerome Shopshire
*v.* STATE OF MARYLAND

[No. 885, September Term, 1973.]

*Decided June 21, 1974.*

pp. 684-685

The cause was argued before ORTH, C. J., and POWERS and MOORE, JJ.

*Ronald L. Spahn* for appellant.

*David B. Allen, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Milton B. Allen, State's Attorney for Baltimore City,* and *Philip Tamburello, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

ORTH, C. J., delivered the opinion of the Court.

This appeal concerns authority to amend an indictment. We reject appellant's claim that the amendment of the indictment under which he was tried and convicted in the Criminal Court of Baltimore made "the original indictment inoperative and his conviction improper." The judgments entered against him are affirmed.

## I

The present law governing the amendment of an indictment is Rule 714 of the Maryland Rules of Procedure:

> "The court may permit an indictment to be amended at any time before final judgment, on motion of the State's attorney, or its own motion; but such amendment shall not change the character of the offense charged."

The Rule had its genesis in the common law but attained its

present form by an involuted evolution. Its history provides
a guide to its present meaning.

Blackstone, *Commentaries on the Laws of England,* Book
the Fourth, Chapter XXIII, as adapted by Robert Malcolm
Kerr, observes, at p. 367, that in accord with the desire to
dispense with many of the technical requisites of
indictment, ". . . large powers have been conferred on the
courts to amend *formal defects* and *variances* between the
allegation and the proof of material matters." Reference is
made to the statute 14 & 15 Vict. c. 100, s. 25. With respect to
formal defects, it provided that ". . . every objection to the
indictment for any *formal defect* apparent on its face, shall
be taken by demurrer or motion to quash the indictment,
before the jury are sworn, and not afterwards; the court
may then cause the indictment to be amended, and
thereupon the trial proceeds as if no such defect had
appeared." The *Commentaries* continue:

> "[As to] *variances* arising during the trial
> between the proof and the allegation of material
> facts, the same statute, after reciting that
> offenders frequently escaped conviction by reason
> of the technical strictness of criminal proceedings
> in matters not material to the merits of the case,
> and that such technical strictness might safely be
> relaxed in many instances, so as to insure the
> punishment of the guilty, without depriving the
> accused of any just means of defence, and also that
> a failure of justice often took place on the trial of
> persons charged with felony and misdemeanor, by
> reason of *variances* between the statement in the
> indictment and the proof of names, dates, matters,
> and circumstances therein mentioned, not material
> to the merits of the case, and by the misstatement
> whereof the person on trial could not have been
> prejudiced in his defence, proceeds to enact, that
> whenever any variance appears between the
> statement in the indictment and the evidence
> offered in proof of it, in the *name of any place*
> mentioned in the indictment — or in the *name or*

*description of any person,* or body politic or corporate, therein stated to be the owner of the property forming the subject of the offence; or to have been injured or damaged, or intended to have been injured or damaged, by the commission of such offence — or in the Christian name or surname, or other description of any person whomsoever — or in the *name* or *description of any matter or thing* named or described in the indictment — or in the *ownership of any property* named or described therein, the court, if it considers such variance not material to the merits of the case, and that the defendant cannot be prejudiced thereby in his defence, may order the indictment to be amended according to the proof, on such terms as to postponing the trial, to be had before the same or another jury, as the court shall think reasonable."

Statutory authority in Maryland to amend indictments began in 1852. The General Assembly enacted three acts that year on the matter. Chapter 176, § 1, codified in the 1957 Code as Art. 27, § 603, permitted the prosecutor, on application to the court, whenever the misnomer of any defendant was pleaded in abatement, to amend the indictment by inserting in the place of the name erroneously set forth the true name of the defendant.[1] Chapter 176, § 2, codified in the 1957 Code as Art. 27, § 604, permitted the prosecutor, on application to the court, whenever it appeared, after a jury was sworn, that the name of a person other than a defendant had been erroneously set forth in the indictment, ". . . to amend the said indictment according to the proof in the said cause; and it shall be the duty of the court in which said trial shall be had to proceed with the trial of the said indictment so amended, unless oath shall be made by the party or parties so charged that the said amendment or amendments has or have disclosed a fact or

---

[1]. By Acts 1957, ch. 399, § 17, the language of the section was changed to accord with the procedure established by Rule 725 of raising the question of misnomer by motion instead of plea in abatement.

facts to him heretofore unknown, or that the immediate proceeding with the trial of the said indictment would tend to his prejudice; and in such case it shall be the duty of the court to discharge the jury sworn in the said case without a verdict, and to postpone the trial thereof for such reasonable time as the court shall determine; . . . ." Chapter 63, § 2, codified in the 1957 Code as Art. 27, § 606, spelled out that certain defects and imperfections in an indictment[2], including ". . . any mere defect or imperfection in matter of form which shall not tend to the prejudice of the defendant, [and] any matter or cause which might have been a subject of demurrer to the indictment . . ." shall not be grounds for quashing the indictment. See Rule 725, under which a motion to dismiss an indictment has supplanted a demurrer. *Bonneville v. State*, 206 Md. 302.

In 1906 statutory authority was given in chapter 444 of the Acts of that year, codified in the 1957 Code as Art. 52, § 22, to amend informations and warrants in cases before justices of the peace and cases on removal from them to a circuit court. As repealed and reenacted by Acts 1961, ch. 616, § 23, to include the Municipal Court of Baltimore City, it provided:

"In all criminal cases before justices of the peace and before the Municipal Court of Baltimore City, the justice or judge, of his own motion, or on the motion of the State's attorney, may at any time during trial before final judgment amend the

---

2. "No indictment . . . shall be quashed . . . for the want of a proper or perfect venue, when the court shall appear by the indictment, inquisition or presentment, or by the statement of the venue in the margin thereof to have jurisdiction over the offense, nor for the omission or misstatement of the title, occupation or degree of the defendant or other person or persons named in the said indictment, inquisition or presentment nor, for the want of the averment of any matter unnecessary to be proved, nor for the omission of the words 'as appears by the record,' or of the words 'with force and arms,' nor for the insertion of the words 'against the form of the statute,' instead of 'against the form of the statutes,' or vice versa, nor for omitting to state the time at which the offense was committed in any case where time is not of the essence of the offense, nor for stating the time imperfectly, nor for the stating the offense to have been committed on a day subsequent to the finding of the indictment or making the presentment, or on an impossible day, or on a day that never happened, . . . ." For a discussion of "inquisition", see concurring opinion of Orth, J. in *State v. Mather*, 7 Md. App. 549, 555-558.

information, warrant, his docket entries, name of the offenders or other proceedings in such cases pending before him; and in all criminal trials in the circuit court to which cases have been removed on an application for a jury trial or on an appeal from the judgment of a justice of the peace or said Municipal Court, the court, on motion of the State's attorney, may at any time before the trial or during the progress of trial, before final judgment, amend the information, warrant, docket entries, name of the offender or other proceedings in such case; provided, however, that such amendment does not change the character of the offense or crime with which the accused is charged."

*State v. Wheatley,* 192 Md. 44, 51, citing *Hawthorn v. State,* 56 Md. 530, 535, declared that this statute was designed to implement the modern policy of the courts to relax the technical rules of the early common law. The Court of Appeals found it ". . . well established that the [trial] court may amend an indictment before trial in matters of form, but in matters of substance an indictment cannot be amended without the sanction of the grand jury by whom it was presented, except in those cases where the Legislature has specially authorized an amendment."

The effect of these various statutes was considered by the Court of Appeals in *Gray v. State,* 216 Md. 410 (1958). It observed: "There is an important difference . . . between the amendability of a state warrant and an information on the one hand and an indictment on the other." It explained: "The amendment of a state warrant has been explicitly authorized by statute. . . . From an early date it has been permissible to amend informations by leave of court, permission being within the sound discretion of the trial court." At 415. "But," it continued, citing *Wheatley* and *Hawthorn,* "an indictment may be amended only as to matters of form before trial; never with respect to matters of substance except by the grand jury which presented it, unless specifically authorized by statute." See *Dennis v. State,* 213 Md. 115.

Thus, at this stage in the history of authority in this State to amend charging documents, the criterion for amending indictments generally was "the form and substance" test, although amendment as to name of the defendant and other parties named in the indictment was expressly authorized under conditions designated by statute. Authority to amend criminal informations generally was within the sound discretion of the court. The criterion for amending, at any time during trial and before final judgment, an information or warrant in cases before a justice of the peace or the Municipal Court of Baltimore City, and in cases before a circuit court on removal from a justice of the peace or from the Municipal Court of Baltimore City, was the "character of the offense" test.

On 15 September 1961 the Court of Appeals adopted, effective 1 January 1962, Rule 714 of the Maryland Rules of Procedure. The Rule controlled the amendment of indictments, informations, and warrants in the circuit courts and the Criminal Court of Baltimore. It prescribed:

"a. *Indictment or Information.*

The court may permit an indictment or information to be amended at any time before verdict as to matter of form, but not as to matter of substance.

b. *Warrant.*

The court may permit a warrant to be amended at any time before final judgment, on motion of the State's attorney, or its own motion; but such amendment shall not change the character of the offense charged."

Thereafter, Art. 27, §§ 603, 604, and 606 were repealed by Acts 1963, ch. 558, § 1. The Rule preserved the former concept that permitted indictments to be amended as to form but not substance, and placed informations under that same rule of law. With respect to warrants, it adopted the proviso which governed the amendment of informations and warrants before justices of the peace and the Municipal

Court of Baltimore City, that is that the amendment could not change the character of the offense or crime with which the accused was charged. Art. 52, § 22 was left unchanged.

What was meant by "form" and "substance" under § a of Rule 714 may be gleaned from *Corbin v. State,* 237 Md. 486 (1965). It said, at 489-490:

> "As to what constitutes substance and what is merely formal in an indictment, it may be said that all facts which must be proved to make the act complained of a crime are matters of substance, and that all else — including the order of arrangement and precise words, unless they alone will convey the proper meaning — is formal."

The Court added, at 490:

> "We have held in the past that a criminal charge must so characterize the crime and describe the particular offense so as to give the accused notice of what he is called upon to defend and to prevent a future prosecution for the same offense." [3]

Whether an amendment changed the character of the offense charged was considered by the Court of Appeals in *Gray v. State, supra.* There the charging document amended was an arrest warrant, titled a "Concealed Weapon" warrant. The warrant charged the accused with having "unlawfully . . . [carried] a deadly and dangerous weapon, to wit: Two '38 Caliber Pistols." The text of the warrant included that the accused was not one of the "excepted" persons designated in the statute alleged to be violated. It was amended by adding the words, "concealed upon and about his person." The Court thought it clear that the amendment did not change the character of the offense charged. "The amendment did not change the basic

---

**3.** The Court in *Corbin* held it to be a matter of form only to amend an indictment charging grand larceny by changing the name of the owner of the property constituting the subject matter of the crime charged, ". . . since none of the essential elements of the offense was changed . . . ." 237 Md. at 490. See *Melia & Shelhorse v. State,* 5 Md. App. 354; *Wilkins v. State,* 4 Md. App. 334.

description of the offense. It merely specified the manner in
which the defendant unlawfully carried the two pistols, that
is, 'concealed upon and about his person', instead of 'openly
with the intent and purpose of injury to any person in any
unlawful manner.' The warrant, without amendment, also
informed the defendant that he was not one of the 'excepted'
persons referred to in the statute." 216 Md. at 416. The Court
asserted that *Dennis v. State, supra,* was directly in point. It
said flatly: "Where a violation of the *same section* of the
Code is charged both before and after the amendment, it is
not error to permit the amendment." *Idem.* The Court
explained, at 416-417:

> "In the *Dennis* case the warrant intended to
> charge an offense under Code (1951), Art. 2B, sec.
> 124 (c), making it unlawful for the holder of an
> alcoholic beverage license to allow minors to loaf or
> loiter about the tavern for which the license was
> issued, but the warrant failed to state that the
> defendant was the licensee of the tavern where the
> loafing and loitering took place. The warrant was
> defective, of course, but we held that Art. 52, sec.
> [22], *supra,* authorized the court to allow an
> amendment. The defendant in the case now before
> us knew, as did the defendant in the *Dennis* case,
> what section of the Code he was charged with
> violating. The warrant as amended unquestionably
> described in detail the offense the defendant was
> called upon to defend and with such sufficient
> particularity as to bar a subsequent prosecution for
> the same offense. See also *Crichton v. State,* 115
> Md. 423, 81 A. 36 (1911), in which we pointed out
> that where a warrant does not sufficiently describe
> the offense intended to be charged — although the
> intended charge is readily discernible — the
> warrant is amendable, and *Laque v. State,* 207 Md.
> 242, 113 A. 2d 893 (1955), in which we held that
> inasmuch as the form of the warrant — charging
> the defendant with violating a wrong section of a
> zoning ordinance — had not misled the defendant,

> the correct section could have been substituted by amendment." (footnote omitted)

The Court opined that if the accused was surprised by the amendment or was not ready to go to trial forthwith, he should have moved for a postponement.

With the creation of the District Court of Maryland, Maryland District Rules, applicable to that Court, were adopted effective 5 July 1971. M.D.R. 714 provided: "The court may permit a charging document [4] to be amended at any time before final judgment, on motion of the State's attorney, or its own motion; but such amendment shall not change the character of the offense charged." Thus, M.D.R. 714 retained the proviso of Art. 52, § 22. That statute, however, was repealed by Acts 1972, ch. 181, § 45, effective 1 July 1972.

The Court of Appeals next amended Rule 714 of the Maryland Rules of Procedure to conform it with M.D.R. 714, effective 1 July 1973. It provided, as seen from the text of the Rule set out at the beginning of this opinion, that the court may permit an indictment [5] to be amended at any time before final judgment provided the amendment does not change the character of the offense charged.

The result of all this was that as of 1 July 1973, at any time before final judgment, a grand jury indictment, a criminal information, an arrest warrant, a summons to a defendant, and a statement of charges, may be amended in a circuit court and the Criminal Court of Baltimore, and all except a grand jury indictment may be amended in the District Court, but the amendment shall not change the character of the offense charged.

It is clear that the Court of Appeals abandoned the "form and substance" test for the amendment of an indictment, and substituted for it the "character of the offense" test. It is

---

**4.** " 'Charging document' means arrest warrant, summons to a defendant, statement of charges, or criminal information." M.D.R. 702 a.

**5.** Effective the same date, Maryland Rule 702 a was amended so that "indictment" included "a grand jury indictment, a criminal information and a charging document as defined in Maryland District Rule 702 (Definitions)."

patent that "character of the offense" under the present Rules governing amendment of indictments means what the Court of Appeals said it meant under former Art. 52, § 22.

## II

At the bench trial of LEONARD GYANT in the Criminal Court of Baltimore on charges of robbery with a deadly weapon and related offenses, the evidence adduced showed that the robbery occurred in Jeter's Diner and Carryout. Barbara Pittman and her sister, Teresa Redd, were employees of the Diner, which was owned by their aunt and uncle. Gyant, positively identified in court by both Barbara and Teresa, came in and asked for a half a cheeseburger and change for a quarter. Teresa was cleaning the grill, and Barbara was at the cash register. When Barbara opened the cash register to give him change, he pulled out a handgun and demanded all the money in the register. Barbara gave him the money, "one hundred and fifty-some dollars", and he left.

The indictment on which Gyant was tried consisted of eight counts. The first count presented that "Leonard Grant", feloniously with a deadly weapon did rob Teresa Redd and violently did steal from her $157. The eighth count presented that "Grant" unlawfully did use a handgun in commission of a crime of violence. The intervening six counts, charging related offenses, each give the accused's name as "Leonard Grant" and the victim's name as "Teresa Redd". When the case came on for trial on 10 October 1973, the indictment was amended upon motion by the State and over objection "Grant" was changed to "Gyant" in each count, and in each of counts 1 through 7, both inclusive, the name of the victim "Teresa Redd" was changed to "Barbara Pittman". Gyant was found guilty under the 1st and 8th counts and given concurrent sentences of 12 years and 5 years respectively.

## III

Gyant contends on appeal that the trial court erred in permitting the substitution of "Barbara Pittman" for

"Teresa Redd". The contention goes merely to the 1st count as it was the only count under which he was convicted which was affected by the amendment. In claiming that the trial court erred in permitting the amendment, Gyant asserts that it was a change of substance and not of form. He argues the point with reliance on those cases applying Rule 714 as it read prior to the change effective 1 July 1973. The real question, however, is whether the amendment changed the character of the offense charged. We think it clear that it did not. The count in question charged robbery with a deadly weapon both before and after the amendment. The amendment simply changed the victim of the robbery. Both the person named as the victim originally and the person named as the victim by amendment were present at the time of the commission of the crime. Under the rationale of *Gray v. State, supra,* and *Dennis v. State, supra,* the amendment clearly was permissible.[6] Gyant moved to dismiss the indictment, but did not request a postponement. He was certainly not entitled to a dismissal of the indictment, and had he been surprised by the amendment or had he not been ready to go to trial forthwith, he should have moved for a postponement. "[A]n appeal is of no avail to counteract a failure to act in the lower court." *Gray v. State, supra,* at 417.

*Judgments affirmed.*

---

6. We note that under the provisions of former Code, Art. 27, § 604 the amendment would have been proper beyond question. And we believe that it would be proper also if tested by the "form and substance" rule as discussed and applied in *Corbin v. State, supra.*