JIMETTE A. THANOS *v.* STATE OF MARYLAND

[No. 140, September Term, 1977.]

*Decided June 7, 1978.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, LEVINE, ELDRIDGE, ORTH and COLE, JJ.

*Lawrence S. Greenwald,* with whom were *Gordon, Feinblatt, Rothman, Hoffberger & Hollander* on the brief, for appellant.

*Ray E. Stokes, Assistant Attorney General,* with whom were *Francis Bill Burch, Attorney General,* and *Clarence W. Sharp, Assistant Attorney General,* on the brief, for appellee.

DIGGES, J., delivered the opinion of the Court.

We granted certiorari in this case to review the propriety of petitioner Jimette A. Thanos' conviction in the Circuit Court for Baltimore County for attempted shoplifting. The petitioner was initially tried and convicted in the District Court of Maryland on a charging document alleging that she attempted to alter the price tag on an item of merchandise at a local department store,[1] an act which if completed constitutes the crime of shoplifting. *See* Md. Code (1957, 1976 Repl. Vol. & 1977 Cum. Supp.), Art. 27, § 551A. Specifically, subsection (a) (4) of section 551A makes it unlawful "[t]o alter, remove, or otherwise disfigure any label or price tag" with the intent to deprive the owner of the item of its use or value.[2] On her de novo appeal to the circuit court, *see* Md. Code (1974), § 12-401 (c) of the Courts Article, after proceeding in a nonjury trial on an agreed statement of facts, counsel argued, *inter alia,* that at best the State's evidence proved only that the price tag had been removed — not that it had been altered. The State thereupon sought to amend the charging document to substitute the word "remove" for "alter," a request which, over the defendant's objection, the

---

1. The document charged that Ms. Thanos "did attempt to alter a price tag of merchandise, the value of $13.00, the property of Hutzler Bros. Co. a Maryland corporation, with the intent to deprive it of its use and value, and to appropriate the same to the defendant's use."

2. The shoplifting statute provides in pertinent part:

§ 551A. Shoplifting.
   (a) *What constitutes.* — In any mercantile establishment, it is unlawful for any person

   (1) To remove any goods, wares or merchandise from the immediate place of display or from any other place within the establishment with the intent to appropriate the same to the use of the person so taking, or to deprive the owner of the use, or value, or any part thereof; or

* * *

   (4) To alter, remove, or otherwise disfigure any label or price tag with a like intent; . . .

* * *

and any person committing any of the acts mentioned is guilty of shoplifting.

circuit court granted; the judge then found the petitioner guilty, observing that "the removal of tags or labels with an intent to deprive the owner of the use, or value, of merchandise is shoplifting under the Code." Since we conclude the amendment to the charging document which changed the act Ms. Thanos was accused of committing was not simply a matter of form, and hence could not be made unless consented to by the petitioner, the circuit court's action in permitting the amendment was error.

The facts to which the parties agreed in the circuit court were essentially as follows: Jeanne Conigliaro, a salesperson for the Towson branch of Hutzler Bros. Co., a mercantile establishment, observed the petitioner remove a skirt, vest, and blouse from a rack of women's clothes in her section of the store and take the three items to a dressing room. After fitting the blouse, the petitioner returned the vest and skirt to the rack and attempted to purchase the blouse; when she brought it to Ms. Conigliaro, its tag reflected a price of $10.00. The salesperson then told the petitioner that the correct price was $23.00, at which point Ms. Thanos indicated that she did not wish to make the purchase; as it developed, the price tag on the blouse belonged on the vest. Ms. Conigliaro had checked the clothes in her section of the store when she came on duty "a couple of hours" before this incident to ascertain that each item had a tag with the appropriate markings, since some items were reduced in price. Other customers had handled the clothes during the time Ms. Conigliaro was on duty, and that particular rack of items had also been handled by store personnel in order to reflect the reduced sales price. There was no direct evidence that a tag indicating a $23.00 price had been on the blouse when petitioner took it to the fitting room, nor was there any evidence that petitioner had "written on, torn, or otherwise 'altered' the original price tag . . . ." After the entry of the judgment of conviction in the circuit court, Ms. Thanos petitioned this Court for a writ of certiorari; we issued the writ.

The petitioner argues that if a charging document can be amended on a de novo appeal from a district court conviction, such amendment is limited to matters of form, absent the

defendant's consent.[3] This proposition is, of course, elementary, as a perusal of the common law and statutory development of the authority to amend indictments and other charging documents will show. *See Gyant v. State,* 21 Md. App. 674, 675-84, 321 A. 2d 815, 815-20, *cert. denied,* 272 Md. 742 (1974). While it is clear that charging documents may only be amended as to matters of form — and this is not disputed by the State — what is less clear is the scope of "matters of form." The contours of that concept have been largely shaped by contrasting it with amendments which change "matters of substance," *see* Md. Rule 713 a, and with amendments which "change the character of the offense charged." *See* Md. Dist. Rule 713 a.[4] In this case, the petitioner insists that the change in the charge from "altering" a price tag to "removing" a price tag was a matter of substance; the State urges that the amendment was permissible, since it did not

---

3. Ms. Thanos first urges that there can be *no* amendment of a charging document during a trial de novo on appeal from a district court conviction, since Maryland Rule 1314 a requires that de novo appeals be tried "according to the rules of procedure governing cases instituted in the appellate court, except the rules relating to the form and sufficiency of the pleadings . . ."; the exception makes Rule 713 a, which permits a charging document to be amended as to matters of form — but not as to matters of substance except with defendant's consent — inapplicable, with the result that there can be no amendment of any kind. Alternatively, petitioner suggests that if any rule applies, it would be Rule 713 a. The State argues that Rule 1314 a should be interpreted as requiring the Maryland District Rules pertaining to form and sufficiency of pleadings to apply in de novo appeals, with the result that Maryland District Rule 713 a would apply. That rule permits amendment of a charging document as to matters of form — but not where the amendment would change the character of the offense — at any time before verdict. However, we conclude it is unnecessary to resolve the question of which, if any, rule applies, since under either rule or no rule, the amendment would be improper.

4. Maryland Rule 713 a reads:

> Upon motion of either party or upon its own motion, the court may permit a charging document to be amended as to matters of form at any time before verdict. The court may permit a charging document to be amended as to matters of substance only with the consent of the parties.

Maryland District Rule 713 a reads:

> Upon motion of either party or upon its own motion, the court may permit a charging document to be amended as to matters of form at any time before verdict. The court may permit a charging document to be amended to change the character of the offense charged only with the consent of the parties.

change the "character of the offense charged." Assuming without deciding that these two concepts articulate different standards, and that the "character of the offense" test might allow a somewhat broader scope for permissible amendments of a charging document, we think that under either standard the amendment here was improper.

We defined what constitutes "substance" in *Corbin v. State,* 237 Md. 486, 489-90, 206 A. 2d 809, 811 (1965): "[A]ll facts which must be proved to make the act complained of a crime are matters of substance . . . ." We added that "a criminal charge must so characterize the crime *and describe the particular offense* so as to give the accused notice of what he is called upon to defend . . . ." *Id.* at 490 [811] (emphasis added) (*quoted in State v. Canova,* 278 Md. 483, 498, 365 A. 2d 988, 997 (1976)). Since the offense here was described as the alteration of a price tag, and since the relevant section of the statute provides that any of three distinct acts — altering, removing, or otherwise disfiguring a price tag — will constitute the crime of shoplifting, clearly a change from "alter" to "remove" is a change in the facts to be proved to make the act a crime and hence is a matter of substance.

We likewise conclude that the amendment of the charging document changed the character of the offense charged. This is a situation in which the statute creates one offense generically — shoplifting — but specifies a number of different "acts, transactions, or means" by which it may be committed. *See Ayre v. State,* 21 Md. App. 61, 64, 318 A. 2d 828, 831 (1974). The "offense" charged here was attempted shoplifting; the various means by which that offense may be committed, we think, constitute its "character."[5] It is inconceivable to us that the character of the offense remains unchanged, no matter which of the several proscribed acts are alleged to have been done, simply because the same generic crime is charged before and after the amendment. Were that the case, the term "character" would be entirely without meaning.

---

5. These various means are not limited to the three acts proscribed by subsection (a) (4) of the statute; section 551A (a) contains four additional subsections and all of the acts mentioned in them constitute shoplifting.

The State urges, however, that the character of the offense is not changed where the defendant after the amendment is still charged with a violation of the same section of the Code. And indeed in *Gray v. State,* 216 Md. 410, 416, 140 A. 2d 643, 646 (1958), in determining that the amendment of a warrant did not change the character of the offense charged in it, we said, by way of dicta, that "[w]here a violation of the *same section* of the Code is charged both before and after the amendment, it is not error to permit the amendment." Insofar as *Gray* may suggest that a charging document, alleging a violation of a Code section which prohibits several different acts, may be amended to charge an act not alleged in the original document, especially after jeopardy has attached, we hereby specifically repudiate it. As for our holding on the actual facts in *Gray,* however, the decision retains its precedential value. In that case, the statute forbade both the wearing or carrying of deadly weapons *concealed* about one's person and the wearing or carrying of such weapons *openly* with the intent to injure another. Md. Code (1951), Art. 27, § 44 (a) (now codified, as amended, at Md. Code (1957, 1976 Repl. Vol.), Art. 27, § 36 (a)). The warrant charged defendant with carrying a deadly weapon and was titled a "concealed weapon" warrant; it was subsequently amended, at the beginning of the trial, to add in the text of the warrant the words "concealed upon and about his person." Two factors distinguish *Gray* from this case: In *Gray* the caption of the warrant showed that it was a "concealed weapon" warrant, and hence "even without amendment, actually informed the defendant" which of the two proscribed acts he was charged with, 216 Md. at 416, 140 A. 2d at 646; the amendment "did not change the basic description of the offense." *Id.* In addition, without evaluating its effect, we note that the amendment was made before jeopardy attached. Neither of these two factors exists in the present case. Nor do any of the cases cited in *Gray* to support its holding in any way suggest that the amendment in this instance would be permissible. *See Dennis v. State,* 213 Md. 115, 117-19, 131 A. 2d 285, 286-87 (1957); *Laque v. State,* 207 Md. 242, 247-49, 113 A. 2d 893, 895-96, *cert. denied,* 350 U. S. 863 (1955); *Crichton v. State,* 115 Md. 423, 429-34, 81 A. 36, 39-40 (1911).

We thus think it clear that there is a change in the character of the offense charged where the amendment "change[s] the basic description of the offense," *Gray v. State, supra* at 416 [646]; it is equally clear that the basic description of the offense is indeed changed when an entirely different act is alleged to constitute the crime. We also observe that, whether one applies the "matters of substance" test or the "character of the offense" test, there are constitutional limitations which constrict the determination of whether an amendment to a charging document may be construed as constituting simply a matter of form. A change in the charging document which alters the acts alleged to have been committed — particularly when made, as here, after jeopardy has attached — would, if done without his consent, violate a criminal defendant's constitutional right to be informed of the accusation against him in time to prepare his defense. Md. Decl. of Rts., Art. 21; *see* U. S. Const. amends. VI & XIV. As we said in *State v. Canova,* 278 Md. 483, 498-99, 365 A. 2d 988, 997 (1976) (quoting *State v. Lassotovitch,* 162 Md. 147, 156, 159 A. 362, 366 (1932)):

> Every charge or accusation, whether at common law or under statute, must include at least two elements: First, the characterization of the crime; and, second, such description of the particular act alleged to have been committed by the accused as will enable him to properly defend against the accusation.

We think it elementary that where a specific criminal act has been charged, another may not be substituted for it on the theory that it is simply a matter of "form."

Additional support for our decision in this case may be found in the well-settled principle that where, as here, a statute forbids the doing of any of several acts stated disjunctively, a charging document [6] alleging more than one

---

**6.** Neither the Maryland Rules nor the Maryland District Rules make any distinction among the several types of charging documents insofar as the requirements regarding the statement of the offense, joinder of offenses, amendment, and the like are concerned. *See* Md. Rules 702 a, 711 a, 712 & 713; Md. Dist. Rules 702 a, 711 a, 712 & 713.

act in a single count, even in the very language of the statute, will be defective as indefinite, since the disjunctive renders it uncertain which alternative is intended. *See Bonneville v. State,* 206 Md. 302, 307, 310, 111 A. 2d 669, 670-71, 672 (1955); *Thomas v. State,* 173 Md. 676, 686, 197 A. 296, 301 (1938); 2 C. Torcia, *Wharton's Criminal Procedure* § 291 (12th ed. 1975). Furthermore, as we said in *Bonneville v. State, supra* at 310 [672], "such a defect is *not merely one of form.*" (Emphasis added.) Thus, since the charging document here would have been defective for uncertainty had it charged that the petitioner "alter[ed], remove[d], or otherwise disfigure[d]" a price tag,[7] and since such a defect would not be a mere matter of form, it inevitably follows that an amendment of a charging document which changes the criminal act charged — from "altering" a price tag to "removing" it — would likewise not be a matter of form, and is thus impermissible.

Since, for the reasons stated, the amendment of the charging document at the close of petitioner's trial was impermissible, her conviction must be reversed.

> *Judgment of the Circuit Court for Baltimore County reversed and case remanded to that court for a new trial on the charging document as it existed prior to the amendment.*
>
> *Costs to be paid by Baltimore County.*

---

7. A charging document which substitutes the word "and" for the "or" in the statute would be sufficient, and the offense would be established at trial by proof of any one of the acts charged. *See* Bonneville v. State, 206 Md. 302, 307, 111 A. 2d 669, 670-71 (1955) (citing cases).